## HARLOW *v.* BECKTLE.

In actions commenced by attachment, the record must contain as particular a description of the cause of action as is required in other cases. If, however, this particular description be not inserted in the affidavit or the writ, the omission may be supplied by means of a declaration.

The statutable provision, requiring *domestic* attachments to be executed and returned within 20 days after they are issued, does not apply to *foreign* at-

May Term,
1823.

HARLOW
v.
BECKTLE.

tachments: the latter should be made returnable, as writs generally are, to the next term of the Court.

If notice of the pendency of a foreign attachment be published in a newspaper three times successively, at any time within 12 months from the issuing of the writ, it is sufficient.

In an action upon a judgment, the declaration need not contain a *profert in curia* of the record; nor can an omission of the *prout patet per recordum* be objected to, except on special demurrer.

If the defendant in attachment do not appear and put in bail, a judgment against him may be good, without his having been previously called and his default entered.

Upon a judgment in attachment, the usual order of the Court is, that so much of the property attached be sold as will satisfy the judgment; but an order for the sale of all the property is not erroneous, unless it be apparent to the Court making it, that injustice would be done.

*Tuesday,*
*May 6.*

ERROR to the *Clark* Circuit Court.

HOLMAN, J.—Judgment for the plaintiff below, the defendant in error, on a foreign attachment. Assignment of errors: 1. The affidavit of the debt is insufficient; 2. The return day of the attachment is not within 20 days of the test; 3. The notice of the pendency of the attachment was not given in proper time; 4. The plaintiff declared on a judgment, and made profert of a certified copy only; 5. The Court refused to quash the attachment on motion; 6. Judgment was rendered without calling the defendant; and 7. The Court directed the whole of the attached property to be sold.

Neither the affidavit nor the attachment describes the debt with sufficient certainty. The nature of the demand, and the time when it became due, are not set forth. But we have decided, in the case of *Bond* v. *Patterson, July* term, 1819 (1), that a precise description of the demand is not an indispensable requisite in the oath or affirmation on which the attachment is founded, provided a declaration be filed with descriptive certainty. Here a declaration has been filed, rendering the cause of action certain; which removes the objection that previously existed. The motion to quash the attachment on this account, having previously been made, does not alter the case, as no precise time is fixed for filing the declaration.

The second error assigned, connected with the motion to quash the attachment on account of the illegality of the return day, presents more difficulty. The act relative to foreign attachments has given no return day. The first section directs, that the proceedings shall be the same as are directed against

the property of absconding debtors, except where it is otherwise provided by that act. Stat. 1817, p. 97. The act authorizing domestic attachments has made them returnable within 20 days. Stat. 1817, p. 101. But it seems very questionable, whether this provision extends to foreign attachments. There is no reason for it. A more summary mode of proceeding is intended in domestic, than in foreign attachments. The law contemplates a more speedy decision. As soon as a domestic attachment, issued from the clerk's office, is returned executed, the defendant is to be notified of its pendency for four weeks, and the trial is to be had at the term next ensuing. Here a return day in vacation is necessary. In foreign attachments, the case is different. No judgment can be rendered until the expiration of 12 months. There seems, therefore, no reason for making the writ returnable in vacation. It will not, as in domestic attachments, expedite the trial, nor benefit the defendant. We see no cause why it should not be returnable, as this writ is, and as writs generally are, to the next term of the Court.

The third error assigned questions the sufficiency of the notice. The 3d section of the act relative to foreign attachments, enacts—that no judgment shall be entered on the attachment until the expiration of 12 months; during which time, the party suing out the attachment shall cause notice thereof to be advertised three weeks successively in a public newspaper. It is contended that this notice should be given at an early period after issuing the attachment, and that judgment should not be given until 12 months after notice. We consider that 12 months is full time for the pendency of the attachment, admitting it to commence from the date of the writ; and as the legislature has not restricted the plaintiff, in giving notice, to any particular part of the 12 months, we think it beyond our province to do it. It would be reasonable to publish the notice as early as possible; but we are not authorized to fix on the precise time for the publication. In this case, notice was given within the 12 months, and several months before the trial. We therefore deem the objection untenable (2).

The suit was brought on a judgment. The declaration states the recovery of the judgment, "as by the record and proceedings of said Court, a certified copy of which is here shown to the Court, more fully appears." The objection to this, either as to

May Term,
1823.

HARLOW
v.
BECKTLE.

the form of the declaration, or to the admissibility of a certified copy of a record in evidence, is unavailing. The profert of the copy was unnecessary; and even the entire omission of the *prout patet per recordum* is only cause of special demurrer. 1 Chitt. Pl. 350, 356.—Stat. 1817, p. 41 (3). As to the admissibility of a certified copy in evidence we need say nothing, as we have no account of the evidence given on the trial; but it may be remarked, that when a certified copy of a record is spoken of, the law would intend a regularly authenticated transcript.

The defendant was not called, nor any regular default entered before judgment. This in the present case is mere formality. The defendant could not appear without putting in bail, which he had not done; calling him was therefore unnecessary.

The last objection is, that the Court ordered all the attached property to be sold, instead of so much as would satisfy the judgment. Such an order might be wrong; and were it manifest that the Court had ordered more property to be sold than would discharge the amount due, and that the property was of such a nature that it might be divided without a disadvantage to the defendant, the objection would be good. Two tracts of land were attached, one of 193 acres, the other of 144 acres, to satisfy a judgment of 4,220 dollars; and if either or both of the tracts could be divided without a loss, it is not to be presumed that the whole would be sufficient to discharge the demand. The usual order in such çases is, to sell as much as will satisfy the judgment: but a deviation from this form cannot be considered an error, unless it be apparent that injustice would be done.

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* damages and costs.

*Caswell* and *Nelson*, for the plaintiff.
*Farnham*, for the defendant.

(1) Ante, p. 34.

(2) The statute now requires, that the publication shall be for three weeks successively in the most convenient newspaper; and that, after publication, there shall be a continuance of the proceedings for two terms of the Court before judgment. Vide Stat. 1823, p. 68, as to *foreign* attachments: Stat. 1823, p. 61; 1823, p. 13, as to *domestic* attachments.

(3) Acc. Stat. 1823, p. 299.