## FRANTZ *v.* WENDEL and Another.

ATTACHMENT.—In an affidavit for an attachment, on the ground that the defendant has left the State, &c., with the intent to defraud his creditors, it is not necessary to allege that the defendant has been absent more than one year, or that an attempt has been made to conceal his absence. That the defendant has not been so absent, &c., is matter of defense.

APPEAL from the *Wabash* Common Pleas.

GREGORY, J.—*Frantz* sued *Wendel* and *Shuler* on a promissory note, and sued out an attachment against the former. The affidavit is as follows :

" The plaintiff in the above entitled action says, that the claim in this action against said defendants is for money

due on a promissory note executed by them to *C. B. Rager*, and by said *Rager* assigned, for a valuable consideration, to said plaintiff; that the claim is just; that he believes he ought to recover the sum of $345 56, with interest thereon; that said *Wendel*, one of said parties, and the only one responsible, has left the State, carrying with him property subject to execution, with the intent to defraud his creditors."

*Shuler* was served with process, and notice by publication was made as to *Wendel*. *James D. Conner*, an attorney of the court below, entered a special appearance for *Wendel*, and moved the court to dismiss the attachment for the insufficiency of the affidavit. The motion was sustained, and this presents the question in the case.

The statute provides that the plaintiff, at the commencement of an action, or at any time afterwards, may have an attachment against the property of the defendant, when the action is for the recovery of money, where the defendant, or one of several defendants, is secretly leaving, or has left, the State with intent to defraud his creditors. 2 G. & H. § 156, pp. 137, 138. The affidavit must show: "1. The nature of the plaintiff's claim. 2. That it is just. 3. The amount which the affiant believes the plaintiff ought to recover. 4. That there exists in the action some one of the grounds for an attachment above enumerated." 2 G. & H., § 159, p. 139. No attachment, however, shall issue for such cause against any debtor while his wife and family remain settled within the county where he usually resided prior to such absence, if he shall not continue absent from the State more than one year after he shall have absented himself, unless an attempt be made to conceal his absence. If the wife or family of the debtor shall refuse or be unable to give an account of the cause of his absence, or the place where he may be found, or shall give a false account of either, such refusal, inability or false account shall be deemed an attempt to conceal his absence within the law. 2 G. & H., §§ 157, 158, pp. 138, 139. But this ground for the attachment is enu-

merated in section 156, *supra*, to be "where the defendant, or one of several defendants, is secretly leaving, or has left, the State with intent to defraud his creditors," and is that referred to in the fourth specification of the requisites of the affidavit in section 159, *supra*. The provision in section 157, *supra*, is matter of defense to the attachment.

We think the affidavit is sufficient, and that the court below erred in sustaining the motion to dismiss the attachment.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to overrule the motion to dismiss the attachment, and for further proceedings.

*J. C. Sivany* and *J. Mackey*, for appellant.

