*T. W. Bennett*, for appellant.

*J. S. Reid* and *B. F. Claypool*, for appellee.

---------·--------

## DRONILLARD *v.* WHISTLER.

ATTACHMENT.—NOTICE BY PUBLICATION.—In a proceeding by attachment, the affidavit filed with the complaint, showing the nature of the demand, &c., and that the defendant is a non-resident of the State, is all that is necessary to authorize the publication of notice of the pendency of the action.

SAME.—It is not necessary that the notice should show that the proceedings are by attachment.

SAME.—SHERIFF'S RETURN.—The sheriff's return to a writ of attachment showed that he had made a diligent but ineffectual search for personal property; that he had attached certain real estate, describing it, and had caused it to be appraised, with the assistance of a reputable householder and freeholder of said county, &c.

*Held,* 1. That as the property was specifically described in the return, a separate schedule was not necessary. 2 That the word "reputable" was equivalent to "credible," and as C was not a party to the suit, he was, *prima facie,* "disinterested." 3. That it was not necessary that the return should show that all the property of the defendant in the county was attached. 4. That as the sheriff could not foresee what claims would be filed under the attachment, the levy could not be said to be excessive.

ATTACHMENT.—NON-RESIDENT.—In a proceeding by attachment against a non-resident, it is not necessary that the court should find whether the family of the defendant remain settled in the county. This is matter of defense.

SAME.—JUDGMENT BY DEFAULT.—Where judgment in attachment is rendered by default, the Supreme Court will, on appeal, consider any errors in the proceedings below, as the defendant had no opportunity to make objection there.

APPEAL from the *Miami* Common Pleas.

GREGORY, C. J.—Proceedings in attachment by *Whistler* against *Dronillard,* a non-resident of the State. Notice by

publication; judgment by default; the defendant appeals.

The first alleged error complained of is, that there was no sufficient affidavit on which to found the notice of the pendency of the action. There was an affidavit filed with the complaint, showing the nature of the demand; that the claim was just; the sum the plaintiff believed he ought to recover, and that the defendant was a non-resident of the State. This is all the code requires to authorize notice by publication. 2 G. & H., § 38, p. 63. It is claimed that the notice ought to have shown that the proceedings were in attachment. The notice states the pendency of the action. This, we think, is sufficient.

The sheriff made the following return to the writ of attachment: "This writ came to hand *November* 23, 1867, and, after diligent search, I find no goods of the defendant whereon to levy. I have, therefore, by virtue of this writ, attached the following described real estate of said defendant, in my county, to-wit: The northeast quarter of section No. 8, in township No. 27 north, of range No. 4 east, containing 160 acres, and have caused the same to be appraised, with the assistance of *Albert Cole*, a reputable householder and freeholder of said county, under oath, at the sum of $9,600." (Sig'd) "*Wesley Wallich*, Sheriff M. C."

The code provides that "the sheriff shall proceed, with the assistance of a disinterested and credible householder of the county, to attach the lands and tenements, goods and chattels of the defendant subject to execution, and shall, with the assistance of the householder, make an inventory and appraisement thereof, and return the same with the order." 2 G. & H., § 164, p. 142. It is objected to the sheriff's return: 1. That it does not show that *Cole* assisted in making the attachment. 2. That no inventory and appraisment of the property attached was made and returned with the order. 3. That it does not show who appraised the property. 4. That the return does not show that *Cole* was disinterested and credible. 5. That it does not appear that

all the property of the defendant in the county was attached. We think these objections not well taken. The sheriff's return gives a description of the property and its appraised value. If the sheriff gives a specific description of the property in his return, it is not necessary that he should accompany it with a separate schedule. Drake on Attachment, sec. 198; *Pearce* v. *Baldridge,* 2 English (Ark.) 413. We think that the return does show that the sheriff made the attachment and appraised the property, with the assistance of *Cole.* *Cole* is shown to be a reputable householder; he is not a party to the suit; it does, therefore, *prima facie*, appear that he was disinterested. If he was reputable he was credible.

We do not think that the code requires all the property of the defendant in the county to be attached. It is doubtless in the power of the sheriff to attach the lands and tenements, goods and chattels of the defendant in his bailiwick subject to execution; but his failure to do so could only subject him to liability to the attachment plaintiff, in the event of the insufficiency of the attached property to pay the debt.

It is claimed that the judgment below ought to be reversed because the levy was grossly excessive. We think otherwise. It was impossible for the sheriff to know, at the time he attached the property, how many other creditors would file their claims under the original attachment proceeding. . It is the duty of the sheriff, on the final process, to sell no more of the property than may be required to pay the amount due, including costs.

The court found the facts alleged in the plaintiff's complaint to be true; that there was then due from the defendant to the plaintiff one hundred and forty-three dollars and sixty-one cents, and that the defendant was a non-resident of the State. It is claimed that the finding is defective in omitting to find whether the defendant's wife and family remained settled in the county. If they remained so set-

tled, it was a matter of defense. *Frantz* v. *Wendall et al.*, 28 Ind. 391.

As the judgment was by default, and the defendant had no opportunity to make these objections in the court below, we have considered them here.

The judgment is affirmed, with 10 per cent damages, and costs.

*N. O. Ross* and *R. P. Effinger*, for appellant.

*L. Walker* and *A. Blake*, for appellee.