No. 7779.

COOPER ET AL. *v.* METZGER.

PLEADING.—*Harmless Error.*—*General Denial.*—It is a harmless error to sustain a demurrer to an answer, when all the material facts averred therein are admissible in evidence under the general denial, also pleaded.

SAME.—*Action on Bond.*—*Nominal Damages.*—In an action on a replevin bond, an answer showing that the obligors, after breach, did an act taking away all right to recover anything more than nominal damages, is not a showing that there is no right of action at all on the bond.

JUDGMENT.—*Sentence of Court may be Designated by Different Term.*—Generally, a judgment is the decision of a controversy, given by a court of justice, between parties who do not agree, but a judicial sentence may be designated by a different term than judgment.

CONSTRUCTION OF STATUTE.—*Rule of.*—The intention of legislators and the purpose of a statute ought not to be made to yield to one or more phrases, when the whole act evinces a different intention and purpose.

ATTACHMENT.—*Right of Creditor to File Claim Under Proceedings Terminates with Judgment.*—*Statute Construed.*—The right of creditors to file claims under an attachment proceeding against a debtor, under section

186 of the code, 2 R. S. 1876, p. 110, terminates with the final judgment and order of sale of the attached property, the words "final adjustment," as used in said section, meaning the judgment directing a recovery and ordering a sale of the property seized under the writ of attachment.

From the Knox Circuit Court.

*J. S. Pritchett* and *H. Burns,* for appellants.

*G. G. Reily, W. C. Johnson* and *W. C. Niblack,* for appellee.

ELLIOTT, J.—The complaint of the appellee alleges that the appellant Cooper instituted an action in the Knox Circuit Court against appellee, for the recovery of personal property ; that, to obtain immediate possession of the property, Cooper, as principal, and the other appellants, as sureties, executed the written undertaking required by the statute ; that the action instituted by Cooper was tried, and a judgment rendered adjudging a return of the property, or, if a return was not made by Cooper, that the appellee recover the sum of twelve hundred and fifty dollars ; and that Cooper had neither returned the property nor paid the sum fixed by the judgment. As no question is made upon the complaint, we have given only a very general outline.

The questions first presented are those arising upon the ruling sustaining a demurrer to the first paragraph of appellants' answer. This answer expressly admits all of the material allegations of the complaint, and professes to avoid them. The material allegations contained in the answer may be stated, in substance, as follows :  That on the 24th day of January, 1878, the defendant Holstein Cooper became the owner by purchase from Charles N. Cooper of the personal property described in the complaint; that on the 27th day of January, 1878, Richard W. Bishop and others commenced proceedings in attachment before a justice of the peace against Charles N. Cooper, the defendant's vendor, and secured a writ of attachment, which was levied on the said

property on that day ; that on the 2d day of February, 1878, the cause wherein the attachment was issued was tried, and that other creditors of said Charles N. Cooper then filed claims under Bishop's proceedings ; that the trial resulted in a judgment in favor of all of the attaching creditors ; that the judgment was a final one, embracing the claims of all creditors who had filed claims prior to the judgment ; that the property was ordered to be sold ; that afterward, on the 2d day of March, 1878, while the property was in the hands of the officer under the attachment, but before it had been sold, the appellant Cooper instituted the action in which the undertaking sued on was executed ; that said action, wherein Cooper was plaintiff, was tried ; that the issue upon which it was tried was, whether the plaintiff, Jacob Metzger, had, as constable, the right to the possession of the property under the writs issued by the justice ; that upon the said issue judgment was rendered for the defendant in said action ; that, after the judgment had been entered in the case of Cooper against Metzger, the former paid all the costs of that action, and also paid in full the principal and interest of all claims included in the judgment rendered by the justice in the attachment proceedings.

The design of the pleader in framing the answer under mention was to clearly show that the action instituted by Cooper in the circuit court was tried upon the single issue of the right of Metzger, the constable, to hold possession of the personal property under the writs and orders issued in the attachment proceedings ; and the appellee, by his brief, impliedly confesses that the answer does do this, and we are not, therefore, required to consider whether the judgment of the circuit court can be deemed a full adjudication of the matters pleaded by the appellants.

The contention of the appellants is that the right of the constable to hold the property terminated with the payment in full of all claims included in the justice's judgment, and

which had been filed prior thereto. That of the appellee is that the constable had a right to hold the property until final adjustment, and that the term "final adjustment," as used in the statute, means the order directing the distribution of the proceeds of the sale of the attached property; and that until such an order is made any creditor of the attachment debtor may come in and file his claim under the original proceedings. Involved in the general proposition of appellants is the subordinate one, that the right of creditors to file claims terminates with the judgment. Included within the general proposition of the appellee is the subordinate proposition, that the right of creditors to file claims and share in the distribution of proceeds of the sale of attached property does not terminate until the order directing a distribution of the proceeds of the sale of the attached property is made.

Before entering upon a discussion of the principal question, it is necessary to consider and dispose of an incidental one growing out of the peculiar allegations of the answer. The appellee argues that the answer does not show that the claims named therein were all that had been filed, and that it was for this reason, if for no other, bad. We think that the answer does show full payment of claims filed prior to and included in the judgment of the justice, and that the appellants were not bound to anticipate affirmative matter which would be proper by way of reply. But we do not think this a very material question. If the appellants are right upon this point, and are also right upon the principal question, no harm was done them in sustaining the demurrer; for, as the general denial was also pleaded, the appellants were entitled to give in evidence all the material facts stated in this answer. All that the facts pleaded entitle appellants to is a reduction of damages, even upon their own theory of the case. There was a breach of the bond, and a showing that the obligors, after breach, did an act taking away all right to recover any thing more than nominal dam-

ages, is not a showing that there is no right of action at all on the bond.

The question which we have stated, and which we have said is the important and controlling one, is, however, fairly and directly presented by the special finding of facts and conclusions of law made and stated by the court. It is not necessary to state at much length the facts found by the court, for a brief synopsis will convey an adequate idea of the question of law which controls and disposes of the case. From the finding, these, among other material facts, may be gathered : That the attachment proceedings against Charles N. Cooper were commenced on the 28th day of January, 1878 ; that after the commencement of the proceedings other creditors filed claims ; that, on the 1st day of February of said year, the justice rendered judgment in favor of all attaching creditors, sustaining the attachment and ordering a sale of the attached property ; that this judgment included all claims that had been filed ; that on February 8th, 1878, an order of sale was issued to Constable Metzger ; that on the first day of March, 1878, the appellant Holstein T. Cooper obtained possession of the property under the writ issued by the Knox Circuit Court, in the action by him instituted against Metzger ; that trial was had in said action, resulting in a judgment for appellee, as set out in the complaint in the present action ; that this judgment was rendered on the 5th day of October, 1878 ; that no complete return was made to the order of sale issued to the constable until long after the date last given ; that before September 12th, 1878, other creditors of Charles N. Cooper filed claims under the original attachment proceedings, and on that date obtained judgments thereon ; that on the 12th day of October, 1878, Holstein Cooper paid the full amount of all claims filed prior to and included in the judgment of the justice, rendered on the 1st day of February of said year, but that he did not pay any part of the claims filed subsequent to the judgment.

of February 1st, 1878. We have outlined the material facts which are stated with much particularity in the special finding, and have not attempted to go very much into detail. Upon the facts found the court stated conclusions of law, but these we need not set out in full; but there are five of the conclusions stated which clearly present the theory upon which the case was tried, and these we copy. The conclusions of law to which we refer are as follows :

1st. "The lien acquired by virtue of the writ of attachment issued at the suit of Richard M. Bishop et al. against Charles N. Cooper, and the seizure under it by the said Metzger, as constable, of the goods replevied, enured to the benefit of all creditors of said Cooper who might file their complaints, affidavits and undertakings to the approval of the justice, in said suit, and thereby become parties to the suit before the final distribution of the proceeds of the sale among the attaching creditors whose claims had been legally established."

2d. "The rendition of the several judgments by the justice on February 1st, 1878, against Charles N. Cooper, upon the claims then filed, was not a final adjustment of the suit within the meaning of section 186 of the code of civil procedure."

3d. "The several plaintiffs filing their complaints, affidavits and undertakings with said justice, in said suit of Bishop *v.* Cooper, on and after September 12th, 1878, thereby became parties to said suit in attachment."

4th. "No return to the order of sale issued by the said justice having been made by the constable, when the several judgments rendered after September 12th, 1878, were recovered, those judgments were entitled to share *pro rata* with the judgment rendered on February 1st, 1878, in the avails of the goods ordered to be sold."

5th. "The sale being defeated by the replevin suit, and the failure of Holstein T. Cooper to return the goods to the constable, the assessed value of the goods ($1,250) as as-

certained in the replevin suit, would stand in place of the proceeds of the sale of the goods on the execution, and be subject to distribution by said justice in said attachment suit, among all said judgment creditors.''

The case turns upon the answer to the question : May a creditor come in under attachment proceedings after final judgment has been rendered and an order for the sale of the attached property made? The section of the code, which gives creditors a right to come in under pending attachment proceedings, contains the following provision : ''Any creditor of the defendant, upon filing his affidavit and written undertaking, as hereinbefore required of the attaching creditor, may, at any time before the final adjustment of the suit, become a party to the action, file his complaint, and prove his claim.'' 2 R. S. 1876, p. 110, sec. 186. The appellee insists that the term ''final adjustment'' means something more than final judgment, and refers to the final distribution of the proceeds derived from the sale of the attached property. The appellants, upon the other hand, maintain that the words quoted are to be taken as synonymous with the term ''final judgment,'' and that the right of creditors to file under the original attachment ceases when final judgment is entered.

It is true that the word ''judgment'' ordinarily means ''the judicial sentences of courts, rendered in causes within their jurisdiction, and coming legally before them.'' *Peirce* v. *City of Boston*, 3 Met. 520. In strictness, there can only be a judgment where there is a controversy, for ''A judgment is the decision of a controversy, given by a court of justice, between parties who do not agree.'' *Union Bank* v. *Marin*, 3 La. An. 34. It is in this sense that the term is generally used in our civil code, but the word is oftentimes used even by law-writers and legislators, in a different sense. The use is not so strict and uniform as to justify us in holding that the judicial sentence of a court may not sometimes be designated by a different term than judgment. The intention

of legislators and the purpose of a statute ought not to be made to yield to one or more phrases, when the whole act evinces a different intention and purpose.

We think the code intended, that the right to file claims should terminate with the judgment and order of sale. It is true that the provision we have quoted, if taken apart from the other provisions of the same statute and given a literal construction, would require a different conclusion. It is not, however, to be so taken. We are to look, not to isolated clauses, but to the entire statute, to ascertain the legislative intention.

It is evident from a consideration of the entire statute, that the Legislature meant by the term "final adjustment" the judgment directing a recovery, and ordering a sale, of the property seized under the writ of attachment. An examination of some of the provisions of the statute will show that such a construction must be adopted, or great conflict and confusion will result. Thus, section 166 requires that the officer shall seize so much of the debtor's property as may be necessary to satisfy the plaintiff's claim, and this provision can not be made to harmonize with section 186, if construed as appellee insists it must be, for there is no authority to seize property after the judgment and sale. The right of the officer to sell is confined to the property described in the order of sale. *Harlow* v. *Becktle*, 1 Blackf. 237. Such property altogether might be inadequate to pay the claims upon which judgment had been recovered and those filed subsequently, but entirely sufficient to satisfy the former. The officer is authorized to sell only so much of the attached property as is necessary to satisfy the judgment and costs. *Dronillard* v. *Whistler*, 29 Ind. 552. If claims are allowed to be filed after the order of sale, or, as the appellee insists, before the final adjustment by distribution of the proceeds of the sale, then it will be impossible for the officer to determine how much property to sell. If he

Cooper *et al. v.* Metzger.

wrongfully sells too much, he will oppress the debtor, if too little, he will wrong the creditors. Unless the amount of recovery stated in the judgment be taken as that which shall govern, the officer will be entirely without any rule, and without anything to assist in determining what amount of property he should sell.

Again, section 192 provides that the officer shall pay all money realized from the sale of the attached property remaining after the payment of costs and expenses, "to the several creditors, in proportion to the amount of their several claims as adjusted." The words "as adjusted" plainly refer, not to a future adjustment, but to one which has been already made, and that can possibly be no other than that made by the final judgment.

There is nothing in the statute requiring or authorizing the payment of money into court for distribution; upon the contrary, section 480 plainly requires that payment shall be made directly to the attaching creditors. If the money is not to be paid into court, then there can be certainly nothing to adjust, and the judgment must, therefore, be deemed the final adjustment, for it is the only judicial order of adjustment contemplated.

Creditors are to share *pro rata* in the distribution of the proceeds of the attached property, and each creditor is therefore interested in lessening the amount of the claims of other creditors, and, as has been repeatedly decided, one creditor may defend against the claim of another. *United States Ex. Co.* v. *Lucas,* 36 Ind. 361; *Lytle* v. *Lytle,* 37 Ind. 281. This can be deemed a holding, correct only upon the theory that claims shall be determined and adjusted before the final order of sale. This must be so, or it must follow that creditors whose claims have passed into judgment must be in court at each succeeding term until all the avails of the sale of the attached property have been paid to the creditors, to protect the fund against fraudulent and illegal claims.

We deem it unnecessary to prolong this opinion by referring to other provisions of the statute, although there are others strengthening the conclusion at which we have arrived, that the right of creditors to file under an attachment terminates with the final judgment and order of sale.

Judgment reversed, at costs of appellee, with instructions to enter judgment on the special finding in favor of the appellants.