Lexington and Big Sandy R. R. Co. *et al. v.* The Ford Plate Glass Co. *et al.*

No. 9284.

## LEXINGTON AND BIG SANDY RAILROAD COMPANY ET AL. *v.*
## THE FORD PLATE GLASS COMPANY ET AL.

ATTACHMENT.—*Parties.—Final Adjustment of Claims.*—Where other creditors have made themselves parties to a suit in which an attachment has is-sued, under section 943, R. S. 1881, there is no "final adjustment" until *all* the pending claims have been settled by judgment, and an order for the sale of the attached property has been made; and until then other creditors may continue to come in.

From the Clark Circuit Court.

*J. H. Stotsenburg,* for appellants.

*G. H. D. Gibson, C. L. Jewett* and *L. Newberger,* for appellees.

ELLIOTT, J.—On the 6th day of January, 1880, one of the appellees, Michael McCann, filed his complaint against the Ford Plate Glass Company, and on the 6th of the following month filed his affidavit and undertaking and obtained a writ of attachment. To this complaint and affidavit the glass company filed an answer in denial. On the 30th of June of the same year the cause was submitted to a jury for trial, which resulted in a verdict for the attaching creditor on the 2d day of July; and on that day the glass company filed a motion for a new trial, which was then overruled and a judgment entered upon the verdict, and an order for the sale of the attached property made. On the same day—July 2d— the Lexington and Big Sandy Railroad Company filed complaint, affidavit and undertaking for an attachment, and these were endorsed, "Filed July 2d, 1880, with suit and attachment proceedings of *Michael McCann* v. *Ford Plate Glass Company.*" This endorsement is signed by the clerk and attorneys of the railroad company. At various times afterwards the other appellants filed complaints, affidavits and bonds as follows: July 3d, Jacob Fry; July 5th, Samuel Wing and Thomas Evans. On the 17th of that month the original attachment plaintiff, McCann, moved to take the railroad

company's proceedings from the files of the original case, and, in support of the motion, filed affidavits showing that the judgment in his case was pronounced and recorded before the commencement of the proceedings of the railroad company. It was stated in affidavits filed by the railroad company that the complaint, affidavit and bond in its behalf were handed the clerk in open court, while he was in the act of recording the judgment, and that its attorney then stated to the court that he had these papers in open court. In the bill of exceptions, which contains these affidavits, the court states as within its own knowledge these, among other facts: That, on the 3d day of July, 1880, judgment was rendered on the verdict in McCann's favor, and an order made for the sale of the attached property; that the judgment was entered and the record read in open court and signed on that day, and that after such proceedings were had the complaint, affidavit and undertaking of the railroad company were filed. It also appears that, prior to the verdict and judgment in the McCann case, other creditors had filed under his attachment proceedings. These creditors, Myers and Sheldon, had not obtained judgment in their proceedings when the claims of the appellants were filed. In neither of the cases—that is, of Myers and Sheldon—was any judgment rendered until July 12th, 1880.

It is a general rule that where the decision of a trial court is made upon facts within its own knowledge and growing out of transactions in court, appellate courts will not allow it to be brought in question. We do not deem it necessary, however, to decide this case upon that rule, nor to enquire as to its soundness. There is another view which requires us to refuse to disturb the finding that the appellants did not file their claims until after judgment in McCann's favor in the original action. Where there is a conflict of evidence, whether embodied in affidavits or contained in the testimony of witnesses, the finding of the court will not be disturbed if the

evidence fairly tends to give it support. There was here a conflict, and there is evidence sustaining the finding of the court.

We are, therefore, to regard the question, whether any of the appellants filed their claims before the rendition of the judgment in favor of McCann, as settled. If the appellants have a right to reversal, it must be upon some other ground than that their claims were filed before the judgment in the original case was rendered.

At the time the appellants filed their claims there were two cases pending, which had been filed under McCann's proceeding and before he had recovered judgment. If the pendency of these two actions is to be considered as keeping the matter open, and thus postponing a final judgment, or as the statute designates it a "final adjustment," the appellants must prevail; if, on the other hand, the judgment in the original action finally closed the entire matter, then the appellees are entitled to an affirmance.

We held in *Cooper* v. *Metzger*, 74 Ind. 544, that where a judgment was entered disposing of all pending claims, it was a "final adjustment" within the meaning of the statute, and that after its rendition no creditors could come in under the attachment. But the case before us presents a very different question; for the judgment in McCann's favor did not dispose of pending claims which were then component parts of the proceedings against the property; while, in the case cited, all pending claims were disposed of by the judgment and order of sale.

Where a fund or property is within the control of a court and in the hands of its officers, the rights of claimants are not, as a general rule, barred until there has been a judicial determination of the rights of all who have claims pending before the court. If this rule is applicable here, it settles the case against the appellees. There is nothing in *Cooper* v. *Metzger, supra,* which conflicts with this general rule. In that case, as the opinion shows, a controlling consideration was "that this judgment included all the claims that had been filed."

It is the purpose of our statute to secure a distribution of the debtor's property among all the attachment creditors, and not to permit'it to be absorbed by the claim of the creditor who sues out the first writ.   This is the leading purpose of its framers, and it is our duty to carry it into effect wherever it can be justly done.   But, while this is so, a just regard for the rights of all requires that those who desire to share in the avails of the attached property should file their claims within a certain time; for if this be not done there can be no final adjustment.

The final adjustment meant by the statute is the adjudication upon all the claims pending at the time it is made.   The judgment upon one claim, even though it is upon the one first sued on, does not finally adjust the rights of the parties that are then before the court.   It was held in *Taylor* v. *Elliott*, 51 Ind. 375, that the dismissal of the original proceeding does not impair other proceedings then pending.   So, in *United Express Co.* v. *Lucas*, 36 Ind. 361, and *Lytle* v. *Lytle*, 37 Ind. 281, it was held that one creditor may contest the claims of others.   *Dronillard* v. *Whistler*, 29 Ind. 552, decides that the sheriff is authorized to sell only so much property as will satisfy the judgment; and *Harlow* v. *Becktle*, 1 Blackf. 237, decides that the authority of the officer to sell is confined to the property described in the order of sale.   The contention of the appellees that the judgment in the original action finally settled the matter is in conflict with the three cases first cited; for, if the contention should prevail, we must hold that the decision in the original action decides the fate of all, and this would, in effect, be the reverse of what is held by the cases cited.   The contention is in conflict with the two cases last cited, for, unless the court knows the aggregate of all the pending claims, it can not make an order of sale which will properly guide the sheriff as to the quantity of property to be sold. The reasoning in *Cooper* v. *Metzger, supra,* is applicable here. It was there said :   " If claims are allowed to be filed after the order of sale, or, as the appellee insists, before the final ad-

justment by distribution of the proceeds of the sale, then it will be impossible for the officer to determine how much property to sell.   If he wrongfully sells too much, he will oppress the debtor; if too little, he will wrong the creditors.   Unless the amount of recovery stated in the judgment be taken as that which shall govern, the officer will be entirely without any rule, and without anything to assist in determining what amount of property he should sell."   It is evident that the statute means, by, " final adjustment," the judgment and order of sale which disposes, not of one only of the pending actions, but of all.   In *Fee* v. *Moore,* 74 Ind. 319, it is held that the levy of the first writ brings the property into the custody of the court, and it follows from this that no valid final order can be made for a sale until the rights of the holders of all pending claims have been adjudicated.

We are satisfied that the court erred in refusing to permit appellants to proceed under the attachment sued out by McCann.

Judgment reversed.