REDMAN ET AL. *v.* BURGESS ET AL.

[No. 2,547.　Filed June 9, 1898.]

NOTICE.— *By Publication of Pendency of Action.*— *Attachment and Garnishment.*—It is not necessary that a notice by publication to a nonresident defendant of the pendency of an action for a breach of warranty, nor the affidavit on which the publication is based, should state that the demand was to be enforced by attachment and garnishment. *pp. 372-374.*

SAME. — *By Publication of the Pendency of Action.*—*Contents of Notice.*—The third division of section 320, Burns' R. S. 1894, providing for notice of the pendency of actions, states the various grounds disjunctively, making each ground a distinct cause, and it is only necessary that one of the grounds set out in the complaint be stated in the notice. *pp. 374-378.*

From the Montgomery Circuit Court.　*Reversed.*

*M. W. Fields, A. P. Twineham, Benjamin Crane* and *Albert B. Anderson,* for appellants.

*M. W. Bruner, A. D. Thomas, W. T. Whittington* and *Paul & Van Cleave,* for appellees.

COMSTOCK, J.—Cornelius Redman, George E. Daugherty and Thomas H. Emerson brought suit in the court below against Lewis W. Cochran and Robert and Charles Burgess.

Cochran was a resident of Montgomery county, State of Indiana. Robert and Charles Burgess were residents of the state of Illinois. Cochran appeared to the action. There was no appearance for or by the Burgesses. Plaintiff filed affidavits in attachment and garnishment and caused publication to be made in a newspaper for the defendants Burgess and Burgess. Writs in garnishment were issued against the persons who were indebted to Burgess and Burgess, and they appeared and answered as garnishees. The result of the trial was a judgment in favor of plaintiffs and the garnishment of the claims due Burgess and Burgess.

The defendants in that suit, Burgess and Burgess (appellees herein), instituted this suit to review the judgment. In their complaint they set out the errors claimed, and a transcript of the judgment and proceedings therein.

The errors assigned in the complaint were as follows: (1) That no affidavit was filed upon which to base the publication made in said cause. (2) That no affidavits were made and filed upon which publication was ordered and made, except the affidavits in attachment and garnishment, which were not sufficient to warrant such publication. (3) The notice issued and published was not sufficient to give the court jurisdiction. (4) The newspaper in which said publication was made was not named or specified in any order of court or by indorsement on the complaint, but the plaintiff's attorneys, Crane and Anderson, at the time of the entry of the order of publication, directed the clerk of said court to publish said notice of nonresi-

dence in the Crawfordsville Journal, and that said newspaper was orally named and said notice published. (5) The court did not have jurisdiction to render the judgment and decree in said court. A demurrer to the complaint was overruled, and appellants refusing to plead further, the court found for the plaintiffs on the issues of law and rendered judgment, reviewing and reversing said judgment. The error assigned upon this appeal is the action of the court in overruling the demurrer to the complaint.

We find upon an examination of the record, that on the 17th day of March, 1896, appellants filed their complaint in the Montgomery Circuit Court against Cochran, Burgess and Burgess, to recover damages for alleged fraudulent representations and breach of warranty in the sale of a certain stallion. Afterwards, to wit, on the 2nd day of April, 1896, plaintiffs filed in said cause an affidavit in attachment and an affidavit in garnishment against the defendants in said cause, Robert and Charles Burgess. The affidavits were filed in time. Section 925, Burns' R. S. 1894.

The affidavit in attachment stated that the cause of action was for damages by reason of fraud and deceit practiced by the defendants in the sale of a horse by said defendants to the plaintiffs, and for breach of warranty of said horse; that the plaintiffs' claim was just, and that the affiant believed the plaintiffs ought to recover from said defendants the sum of $1,000.00, and that the defendants Burgess and Burgess were nonresidents of the State of Indiana.

The affidavit in garnishment contained the same allegations as to the cause of action, as to the amount of the recovery; that Robert and Charles Burgess were not residents of the State of Indiana, and that the affiant believed that William B. Gill and others (the garnishees) were indebted to said Burgess and Bur-

gess in a large sum of money, the several amounts of which affiant was unable to state. An undertaking in attachment having been filed, writs of attachment and garnishment were issued and summons served on the garnishees, and notice was given to plaintiffs by publication in a newspaper.

Plaintiffs, Burgess and Burgess, in their complaint to review, alleged that they were defaulted in said cause and had no notice of the pendency of said suit. They admit that the affidavits are sufficient as affidavits in attachment and garnishment, but insist that they are not sufficient to warrant the publication of notice to defendants in that cause, or to authorize the court to order such publication; that they do not comply with the third subdivision of section 320, Burns' R. S. 1894, providing for notice of the pendency of actions. Said subdivision reads as follows: "Where the defendant is not a resident of the State, and the cause of action is founded upon or connected with a contract, or arises from a duty imposed by law, in relation to real estate in this state, or the object of the action is to enforce or discharge a lien, or to obtain a divorce, or to try and determine or quiet the title to, or possesion of, real estate or any interest therein, or to enforce the collection of any demand by proceedings in garnishment or attachment, * * * ." Appellees insist that the object being to enforce the collection of a demand by proceedings in attachment and garnishment, that fact should have been shown by the affidavit. The Supreme Court in *Field* v. *Malone,* 102 Ind. 251, has decided the question adversely to the claim of appellees. In that case Malone sued Field *et al.,* on account for services rendered as sheriff. At the time of the filing of the complaint an affidavit and undertaking in attachment were also filed. Subsequently on the 4th day of February, an affidavit was

filed for notice by publication. The affidavit stated that they were indebted to him on account and for services performed by him as sheriff of Porter county, and that "the said defendants are all nonresidents of the State of Indiana." On this affidavit notice was given by publication. Afterwards, on the 24th day of February, plaintiff filed his affidavit for garnishment, and a writ was issued, and summons served on one Bartholomew (garnishee), who appeared specially, and moved to quash the notice to the nonresidents on the ground of the insufficiency of the affidavit. This motion was overruled and he appealed to the Supreme Court. The ruling of the lower court was sustained.

Elliott, J., in delivering the opinion of the court, says: "The affidavit upon which the notice of publication was ordered was not so defective as to render the notice ineffective. It states that there is a cause of action in the plaintiff against the defendants, shows that it is connected with a contract, and alleges that the defendants are nonresidents of the State of Indiana. These are the essential facts, which authorize notice by publication, and as they are embodied in the affidavit, they gave the court jurisdiction to order the publication of the notice. The statute does not contemplate a full statement of the facts constituting the cause of action in the affidavit for publication, nor is there any reason for requiring such a statement. The affidavit is not intended to inform the defendant of the particular character of the cause of action urged against him, but its purpose is to exhibit to the court such facts as show that the case is one in which it is proper to give notice by publication. No useful purpose would be subserved by setting forth the facts at length; on the contrary, such a procedure would cumber the record, and do no good at all." The court cites *Dronillard* v. *Whistler*, 29 Ind. 552, as laying down the

just and practical rule, and as in harmony with the view above expressed. As suggestive and instructive in this connection, see *Fremont Cultivator Co.* v. *Fulton,* 103 Ind. 393, and *Dunn* v. *Crocker,* 22 Ind. 324.

Appellees further insist that the notice as published was not sufficient to notify the defendants of the nature of the action against them. This objection is not well taken. The notice was published in the Crawfordsville Journal, a weekly newspaper of general circulation, printed and published at Crawfordsville, Montgomery county, Indiana, and recites the filing of the complaint, that the defendants were non-residents of the State of Indiana, and that the cause of action was for damages against defendants for breach of warranty by said defendants and deceit in the sale of a horse. The notice informed defendants of the nature of the action. They were bound to take notice that the cause of action was one in which plaintiffs would be entitled to attachment. The notice was sufficient to serve the obvious purpose to convey information to defendants of the pendency of the action and the course it was likely to take in respect to their property. Attachment and garnishment not being causes of, but incidents to actions, we do not deem it essential, in view of the decisions referred to, that the affidavits for attachment or the notice of the pendency of the suit should state that the demands were to be enforced by these auxiliary proceedings. *Excelsior Fork Co.* v. *Lukens,* 38 Ind. 438; *Robbins* v. *Alley,* 38 Ind. 553; *State, ex rel.,* v. *Miller,* 63 Ind. 475. Besides it will be observed that the third subdivision of said section 320 states the various grounds for giving notice by publication disjunctively, making each ground a distinct cause as "Where the defendant is not a resident of the State, and the cause of action is founded upon or connected with a contract, or arises from a

Redman *et al. v.* Burgess *et al.*

duty imposed by law," etc.   It is only necessary that one of the grounds set out in the complaint should be stated.   The affidavit and notice each state that the action is for breach of warranty, a cause clearly under the section authorizing notice by publication.

Counsel for appellees further contend that the judgment below should stand, because there was no judgment sustaining the attachment proceedings.  The court found for the plaintiffs upon their complaint as against the defendants Burgess and Burgess, and assessed their damages at $600.00, and found for the plaintiffs on the issue in the attachment proceedings as against Burgess and Burgess, and that they were nonresident of the State and that plaintiffs were entitled to judgment against the garnishees.   A writ of attachment was issued and returned no property found.   The court could not render a personal judgment against Burgess and Burgess, but rightfully adjudged the amount found to be due the plaintiffs, and rendered judgment against the garnishees for the amount owing the defendants Burgess and Burgess. The case of *Pitts* v. *Jackson*, 135 Ind. 251, upon which appellees rely to sustain the ruling of the lower court, holds that an affidavit for publication should state some one of the specific causes for publication named in the statute, and that the affidavit in question was defective for the reason that it failed to state any of the statutory causes.   The correctness of the decision cannot be questioned.   It cites *Field* v. *Malone, supra,* without criticism, and we must hold it is still authority.

What we have said sufficiently indicates the view of the court upon the controlling questions discussed by counsel, and we do not deem it necessary to prolong this opinion by the consideration of the other alleged errors for which appellees asked for a review

The Baltimore and Ohio Southwestern R. R. Co. *v.* Amos.

of the judgment. Judgment reversed, with instructions to the trial court to sustain the demurrer to the complaint.

Black, J., dissents.

Robinson, J., took no part in this decision.