CLARK'S LAUNDRY AND DRY CLEANING COMPANY *v.* THE
DEPARTMENT OF TREASURY ET AL.

[No. 15,323. Filed January 19, 1937. Rehearing denied
March 3, 1937. Transfer denied April 30, 1937.]

W. A. Slick, John G. Yeagley, Floyd O. Jellison, Ralph E. Jones, and J. Walter Yeagley, for appellant.

Philip Lutz, Jr., Attorney-General, Joseph W. Hutchinson, Deputy Attorney-General, and Joseph P. McNamara, Assistant Attorney-General, for appellees.

BRIDWELL, P. J.—Appellant owns and operates a laundry and dry-cleaning plant located in the city of Mishawaka, St. Joseph County, Indiana. It brought this action against appellees seeking a declaratory judgment fixing the rate at which it was liable to be taxed under the provisions of the Gross Income Tax Act of 1933 (Acts 1933, chapter 50, page 388) at one-fourth of 1 per cent of its gross receipts over and above the sum of $1,000 deductible from such gross receipts, as provided by section 5 of said Act, and perpetually enjoining appellees from collecting or attempting to collect any amount in excess of an amount determinable by applying said rate. Appellees filed answer in general denial to the complaint. The cause was submitted to the court for trial, and the finding of the court was to the effect that the rate applicable was 1 per cent, and that appellant was not entitled to the injunctive relief prayed for in its complaint. The judgment as declared and decreed by the court is as follows:

"That the defendants have a legal right to collect of and from the plaintiff herein and plaintiff is liable to the State of Indiana therefor, in a sum of money equal to one per cent of the gross receipts received by the plaintiff for each taxable year from the operation of its laundry and dry-cleaning business, after deducting the exemptions provided by said Act, and to collect the same pursuant to the

provisions made by an Act of the General Assembly of 1933, the same being Chapter 50 of the Acts of 1933.

"The court further declares and decrees that the plaintiff be, and is, hereby denied the injunctive relief prayed for, all at the cost of the plaintiff made and taxed herein in the sum of $————."

Appellant filed motion for a new trial, assigning as causes therefor that the decision of the court is not sustained by sufficient evidence; and that the decision of the court is contrary to law. This motion was overruled; appellant excepted, and perfected this appeal, assigning as error the overruling of said motion.

The evidence is not conflicting. A summary of the facts proven which need be considered in determining the questions presented, is as follows: Appellant is engaged in the laundry and dry-cleaning business, its plant being located and its business transacted within this state. Through its employees it collects from the homes or places of business of its customers, bed clothing, linens, wearing apparel, curtains, rugs, or any fabric which any person doing business with it may desire to have cleaned, and, after cleaning such articles, and performing any service in addition thereto, such as drying, ironing, or pressing, as the customer may desire, the articles are returned to the customer from whom they are received. There is an established price for each class of service rendered. In all instances the work of cleaning, etc., is upon articles which had been prepared for use previous to the time they were received by appellant, and which, by use, or otherwise, had become soiled and in need of cleaning. Appellant's entire income is derived from the sale of service which it stands ready to render to any person, and does render to those desiring such service.

Gross receipts "proceeding or accruing from the sale of property, . . . . , or service" is gross income within

the meaning of the term as used in our gross income tax act. (Section 1, subdivision (f), Acts 1933, *supra*).

The rates of taxation on gross income are imposed by section 3 of our Gross Income Tax Act of 1933, and it is appellant's contention that it is liable to a tax at the rate of one-fourh of 1 per cent only, inasmuch as it is engaged in preparing for use articles or substances, and is therefore entitled to the rate as provided by subdivision (a) of said section. Appellees contend that the rate as fixed by subdivision (f) is the applicable rate; that the income of appellant "is received for the performance of contracts for personal service," and is taxable at the rate of 1 per cent. That one or the other of these two subdivisions of said section fixes the rate to be imposed, is not questioned.

Section 3 of the act, among other things, provides as follows:

"The tax hereby provided for shall be imposed at the following rates:

"(a) Upon the entire gross income of every person engaged in the business of manufacturing, compounding, or preparing for sale, profit, or use, any article, or articles, substance or substances, commodity or commodities; or in the business of mining and/or producing for sale, profit, or commercial use any oil, natural gas, stone, coal, sand, gravel, or other mineral product, or felling and producing timber, for sale, profit or commercial use; or in agriculture, including the production of live stock, poultry, eggs, or any other product of the farm, orchard, garden, or greenhouse, one-fourth of one per cent.

". . . . .

"(f) Upon the gross income of every person engaged in any business or activity not enumerated in subsections (a) to (e) inclusive, of this section, including, but not in limitation of the foregoing, the gross income from professional services, personal services, sales of real estate, on funds received for the performance of contracts, on funds

from the investment of capital, and on receipts from any source whatsoever, one per cent."

Whether subdivision (a) or subdivision (f) fixes the rate applicable, is the principal question to be determined.

In examining subdivision (a) we note that the gross income that is to be taxed at one-fourth of one per cent is income derived from business activities which result in making available for use in the first instance, articles, substances, or commodities. This we regard as significant, and of persuasive character, in determining the rate which is to be applied. As was said by our Supreme Court in the case of *Department of Treasury, etc.,* v. *Ridgely* (1936), 211 Ind. 9, 4 N. E. (2nd) 557, "section 3, and the subsections thereof, classifying income derived from different business, should receive a practical and a workable construction." Subdivision (f) of said section includes any business or activity not theretofore enumerated in said section. Neither the laundry nor dry-cleaning business is specifically enumerated in any subdivision of said section 3, or elsewhere in the act. The meaning to be given to the phrase "or preparing for sale, profit or use, any article or articles," etc., must be determined by a consideration of the entire act, and particularly of the section thereof imposing the tax, and not from this phrase alone. While it must be conceded that the cleaning of garments and fabrics is in one sense preparing them for use, yet more particularly speaking it is preparing them for re-use or to be used again. It appears from the uncontradicted evidence in this case that appellant is engaged in the business of selling service at a fixed charge to those whom it serves.

After a careful consideration of the entire act, of which section 3 forms a part, we are convinced that when the legislature used the phrase "preparing for

sale, profit, or use" in subdivision (a) of section 3, it did not intend to make income received because of service rendered in making articles which had already been in use, more desirable for use again, taxable at the rate imposed by said subdivision (a). To give the phrase employed such meaning would, in our opinion, be to disregard other provisions of said section 3, and particularly subdivision (f) thereof which imposes a tax at the rate of one per cent upon the income from any business or activity not previously enumerated in said section 3.

We hold that the decision of the court below is sustained by sufficient evidence; is not contrary to law; and that there was no error in overruling appellant's motion for a new trial.

Judgment affirmed.