DEPARTMENT OF TREASURY *v.* REINKING, RECEIVER

[No. 16,518.   Filed March 24, 1941.]

64

*Omer Stokes Jackson,* Attorney General, and *Joseph P. McNamara,* Deputy Attorney General, for appellant.

*Heaton, Shiffer & McClain,* of Fort Wayne, for appellee.

BLESSING, J.—The appellant, Department of Treasury of the State of Indiana, instituted this action in the Superior Court of Allen County by filing its claim in the receivership of one George O. Thain. This claim alleged that George O. Thain was justly indebted to the Department of Treasury of the State of Indiana on account of taxes assessed pursuant to the Gross Income Tax Act, Chapter 50, Acts 1933, Chapter 117, Acts 1937. The receiver of George O. Thain objected to the allowance of said claim as preferred and the cause was submitted to said Superior Court as an agreed case.

The facts stipulated were these:

"It is agreed by and between the parties that the Department of Treasury of the State of Indiana is a department of the State Government of Indiana created by Chapter 4 of the Acts of the General Assembly of Indiana of 1933, to which has been assigned by an executive order of the Governor of the State of Indiana the administration and enforcement of the provisions of Chapter 50 of the Acts of the General Assembly of Indiana of 1933; and of that Act as amended by Chapter 117 of the Acts of the General Assembly of 1937 which Act is commonly known and designated as the 'Gross Income Tax Act'; and that Hugo M. Reinking is the duly appointed qualified and acting Receiver of George O. Thain, having been appointed receiver by the Allen Superior Court on October 8, 1938; and it is further mutually agreed that the 'Proof of Preferred Claim,' heretofore filed herein by the Department of Treasury of Indiana on March 24, 1939, be received as evidence

in this proceeding; and it is further mutually agreed that the amounts set forth in the said claim are complete, true, and mathematically accurate, and that the said amounts were properly assesed under and by virtue of the Indiana Gross Income Tax Act (Chapter 50 of the Acts of 1933, Chapter 117 Acts of 1937), and that the said amounts are presently due, owing and unpaid; and it is further mutually agreed that the sole question to be determined in this proceeding is whether or not the claim of the Department of Treasury of Indiana above specified is to be allowed as a preferred claim entitled to priority under Subsection (h) of Section 8 of Chapter 117 of the Acts of 1937, or whether the said claim is to be allowed as the claim of a common creditor."

As a part of the facts, the claim that was put in evidence shows that for the year of 1937, after deducting previous payments, there was due from George O. Thain a total tax of two hundred seventy-six dollars and eighty cents ($276.80) ; that payments had been made thereon in the sum of one hundred and eighty-four dollars and fifty cents ($184.50) leaving a balance due, including the interest to April 1, 1939, of ninety-four dollars and ninety-six cents ($94.96). The total tax for the year of 1938 was seventy-four dollars and fifty-eight cents ($74.58) with no previous payments and this amount plus interest to April 1, 1939 made a total tax due of eighty-one dollars and seventy-five cents ($81.75) for the year of 1938.

Upon the agreed statement of facts the court entered judgment to the effect that the Department of Treasury of the State of Indiana recover of Hugo M. Reinking, receiver of George O. Thain, the sum of one hundred seventy-six dollars and twenty-one cents ($176.21) to be paid as a claim of a common creditor without preference or priority. Appellant filed its motion for a

new trial, which motion assigned the statutory causes that the decision of the court is not sustained by sufficient evidence and is contrary to law. The court overruled the motion for a new trial, and the ruling thereon constitutes the assignment of error in this court.

The sole question involved, as set out in the agreed statement of facts, is whether or not the claim of the Department of Treasury of the State of Indiana is a preferred claim entitled to priority under subsection (h) of section 8 of Chapter 117 of the Acts of 1937.

Subsection (h) of Section 8 is as follows:

"No final report or account of any executor, administrator, or other fiduciary, or of any commissioner for the sale of real estate, or other officer acting under the authority and supervision of any court, shall be allowed or approved by the court unless such report or account shows, and the court finds, that all taxes imposed by this act have been paid, and that all taxes which may become due hereunder are secured by bond, deposit, or otherwise. A certificate from the department of treasury shall be conclusive as to the payment of the tax. Any liability for the tax hereunder shall constitute a preferred claim, and shall be prior to all other claims except judicial costs and the cost of administration."

It is the appellant's contention that the language in subsection (h) of section 8 of said act includes taxes imposed on the debtor prior to receivership, while the appellee takes the position that the language of said subsection refers only to taxes imposed subsequent to the appointment of a receiver.

The respective contentions call for the interpretation of subsection (h) of section 8.

In construing statutes, words and phrases are to be given their plain ordinary meaning unless a contrary purpose appears. *Morrison* v. *State, ex rel.* (1914), 181 Ind. 544, 105 N. E. 113.

Another rule of statutory construction is that the meaning to be given to a phrase must be determined by a consideration of the entire act. *Cooper* v. *Metzger* (1881), 74 Ind. 544; *Clark's L. & Dry C. Co.* v. *Department of Treasury* (1937), 103 Ind. App. 359, 5 N. E. (2d) 683.

The facts show that a receiver for George O. Thain was appointed October 8, 1938, and that the claim was for taxes under the Gross Income Tax Act for periods preceding the appointment of said receiver. In order to justify appellee's contention and to sustain the judgment of the lower court, it is necessary in construing subsection 8 (h) to determine that the phrase, "that all taxes imposed by this act," is confined and has reference only to section 8 of the act.

This court cannot adopt this construction. The language of the phrase involved, in our opinion, is plain and unambiguous. None of the subsections of section 8, unless it be subsection 8 (g), imposes any tax and the word "act" comprehends and includes all sections. *Comm'rs of Sedgwick Co.* v. *Bailey* (1874), 13 Kan. 600; *Wright* v. *Norwich & N. Y. Transp. Co.* (1870), 30 Fed. Cas. 685, 688.

If we were to adopt the construction for which the appellee contends, we would be required to point out the subsection in section 8 which imposes a tax; and an examination of section 8 in its entirety clearly discloses that no tax is imposed by this section and the imposition of taxes referred to in subsection (h) must be found in other sections of the act. Subsection 8 (g) does nothing more than to clarify what income is subject to taxation.

From the preferred claim which is a part of the agreed statement of facts, it would appear that the debtor made the return for the year of 1937 and paid more than two-thirds of the tax due for that current

year. It does not appear who made the return for the year of 1938 but it was agreed to be correct. When these returns were computed and disclosed the amount of gross income subject to taxation, the tax was imposed by section 2, Chapter 117, Acts 1937, and the amount of tax was determined by the application of the rate as fixed by section 3 of said act.

A further examination of the act to determine the application of the phrase quoted from subsection (h) of section 8 of said act discloses that the Legislature, in making a reference applicable only to a section or subsection, specifically designates or enumerates the particular part of the act to which reference is so made; and this is done even though a reference is made within a section itself. Examples of such reference are found in subsection 8 (f) wherein reference is made to subsections (a) and (d). In subsection 8 (a) reference is made to section 10 and section 5 of the act. Such seems to be the plan of draftmanship of the entire act; and if the phrase, "all taxes imposed by this act," taken from subsection 8 (h) is to refer only to section 8 as contended by the appellee, the Legislature would have undoubtedly so specified. It would be as tenable to say that the use of the phrase, "provisions of this act," used in subsection 8 (d) refers only to section 8 as to contend for such limited application of the phrase of subsection 8 (h), first herein quoted.

Subsection 8 (f) gives to the State of Indiana an express lien on all gross receipts of the fiduciary, which constitutes a priority and preference of a higher rank than the provision for priority mentioned in subsection 8 (h). In the instant case there is no contention that the state has a lien. Appellant is only asking that the state's claim be given a preference over general creditors.

Appellee contends that subsection 8 (h), when read in connection with the whole of section 8 of the act, shows no intention whatever to award a priority except as to the tax imposed on the income of the fiduciary. If this interpretation be correct, then why award any priority to the tax imposed on a fiduciary's income? The fiduciary is compelled by this same subsection to furnish the court having jurisdiction of the fiduciary with a certificate of clearance showing that he has paid the tax on his income as such fiduciary before his report can be approved and his account allowed, except for taxes which may become due, and these must be secured by a bond, deposit or otherwise.

Following the injunction of the statute (that words and phrases shall be taken in their plain or ordinary meaning), § 1-201, Burns' 1933, we are of the opinion that the language in subsection 8 (h)— "all taxes imposed by this act" means just what it says, and therefore includes and covers gross income taxes due the state, accrued and unpaid at the time of the appointment of the receiver. Having established such a claim against the trust for gross income taxes, it falls within the last provisions of subsection 8 (h) and should be allowed the preference therein given.

If the provisions of the Gross Income Tax Act are insufficient to award the State of Indiana a priority in its claim over the general creditors, then it is our opinion that this being a debt due the State of Indiana for taxes, the State of Indiana, by virtue of its prerogative right under the common law, is entitled to a preference over general creditors. *Marshall* v. *New York* (1920), 254 U. S. 380; *Fidelity & Deposit Co.* v. *Brucker* (1933), 205 Ind. 273, 183 N. E. 668.

Judgment reversed with instructions to grant a new trial and to take such further proceedings as are not inconsistent with this opinion.

NOTE.—Reported in 32 N. E. (2d) 741.