GREEN, Appellant, v. GOODLOE, Appellee.

Something more than a mere affidavit of *merits* is necessary, in this State, to authorise the circuit court to set aside a judgment by default. The "good cause," required to be shown, must not only be a meritorious defence, but the exercise of all due diligence by the party

Appeal from the St. Louis Circuit Court.

*Polk for Appellant.*

The appellant maintains that the court below ought not to have overruled his motion to set aside the judgment rendered against him by the court below for want of a plea, and to grant him leave to plead issuably to the merits instanter, and relies on the following positions:

1. That the affidavit of the defendant below shows a good

3

MAY TERM, 1841.

Green
v.
Goodloe.

cause for setting the judgment aside. Stat. of Mo. p. 460, s. 31 ; 1 Tidd's Practice, 507–8 : 3 Chit. Gen. Practice, 680, 681.

2. The affidavit shows that the defendant below used due diligence to avail himself of his defence. 4 Mo. Rep. 557, Lecompte and wife v. Wash.

——————— *for Appellee*

The main question is, whether the court below did right in refusing to sustain the motion to set aside the judgment? The defendant in error holds the affirmative, and cites the the following authorities to show that the affidavit does not show sufficient diligence on the part of Green. 4 Mo. Rep. 557 : Rev. Code, 460, sec. 31, &c.; 6 Wend. Rep. 517.

And further, that this is not such a judgment as will authorise an appeal.

*Opinion of the Court by Napton, Judge.*

Goodloe sued the appellant by petition in debt on two promissory notes. The defendant was personally *served with* process, and on the third day of the *return* term (July 22) judgment was rendered against him by default. The court adjourned over from the sixth day of August until the 24th of the same month, when the defendant filed an affidavit and moved the court to set aside the judgment by default, and grant him leave to plead issuably to the merits instanter, which motion the court on a subsequent day considered and overruled. To this decision of the court the defendant excepted.

The affidavit of Green swears to the existence of credits and offsets, and also states certain circumstances which has induced a belief in his mind that the notes have been paid, by giving other notes in exchange for them. The affidavit also states that the affiant intended to plead to the said action, and for that purpose had called upon an attorney, but had not found him at his office, and supposing that if his pleas were put in by the sixth day of the term, they would be in

time, he did not again call on his attorney until Friday of the first week of the term, when he was informed that judgment had gone against him by default.

The only question is, whether the court erred in overruling the motion to set aside the judgment by default.

It appears to be settled by former decisions of this court that something more than a mere affidavit of *merits* is necessary in this State to authorise an exercise of the power given to the court by our statute over judgments by default. The *good cause* required to be shown, must not only be a meritorious defence, but the exercise of all due diligence by the party.

In this case this court is of opinion, that the affidavit does not show due diligence.

Ignorance of the law does not excuse a party from the exercise of that diligence. The defendant after having been a month served with personal process, calls at the office of a lawyer on the first day of the term, but not finding him, gives himself no further trouble about the matter until the fifth day of the term, when he ascertains judgment has gone against him. Moreover, the very nature of the defences, which are alleged in the affidavit to exist, show plainly that witnesses must have been requisite to establish them, and yet none seem to have been subpœnaed. It would seem to be the part of a prudent man, who believed himself able to make a good defence, in a suit of this kind, in which the issue must be made up and tried at the first term, to prepare himself for such defence in the usual way. It does not appear from the affidavit that this was done.

Judgment affirmed.

MAY TERM, 1841.

Greene
v.
Goodloe.

Something more than a mere affidavit of *merits* is necessary in this State, to authorise the circuit court to set aside a judgment by default. The "good cause" required to be shown, must not only be a meritorious defence, but the exercise of all due diligence by the party.