[Argued July 13, 1893; decided July 31, 1893.]

# GOODALE *v.* COFFEE.

[S. C. 33 Pac. Rep. 990.]

1. PUBLICATION OF SUMMONS — RECITALS IN ORDER — CODE, § 56.— The affidavit for publication of a summons must show the existence of all the jurisdictional facts required by statute, but the order for publication need not contain any recitals of fact whatever, and if it does contain any they are merely surplusage,— the order is only the conclusion of the court based upon the affidavit. Jurisdiction in cases of published summons is based upon the affidavit, and not on the recitals of fact found in the order.

2. SUFFICIENCY OF SUMMONS — NAMES OF PARTIES IN PUBLISHED SUMMONS — CODE, § 56 — AMENDMENT.— Where, in a suit to foreclose a mechanics' lien, only the property owners are made defendants in the complaint, and afterwards, by stipulation with the plaintiff, other lien claimants appear and file answers setting up their respective liens, but do not serve any summons, the filing of such answers does not constitute an amendment of the complaint in any respect, and the published summons is sufficient under Hill's Code, § 56, requiring a published summons to contain the title of the cause, though it does not name any of the intervening lien claimants as parties.

Marion County: REUBEN P. BOISE, Judge.

This is a suit by Goodale & Wheeler against Coffee, Cragin & Stubbings, who are claimed to be partners, to forclose a lien for material furnished and used in the construction of a dwelling-house situate upon lot ten of block twenty-six in Highland Addition to the City of Salem, Marion County, Oregon. The facts show that plaintiffs furnished material of the value of one hundred and eleven dollars to the defendants Coffee, Cragin & Stubbings, which was used in the construction of said building, and to secure the payment of said sum the plaintiffs, on August 27, 1891, prepared and filed with the county clerk of said county of said county their notice of lien; that on the twenty-ninth of August other liens were filed against the same property as follows: E. E. Snow, fifty-four dollars; the Oregon Land Company, one hundred and fifty-three dol-

lars; Ira Erb, eighty-four dollars, and R. M. Wade & Co., twelve dollars; that on January 26, 1892, plaintiffs commenced this suit against the defendants Coffee, Cragin & Stubbings to foreclose their lien, and issued a summons and placed it in the hands of the sheriff of said county for service, who, on the thirtieth of said month, made a return thereon that he could not, after diligent search and inquiry, find either of said defendants within said county and state; that on the day last mentioned a stipulation was entered into between the plaintiffs and E. E. Snow, the Oregon Land Company, Ira Erb, and R. M. Wade & Co., whereby it was agreed that they might intervene and file answers to plaintiffs' complaint, and that said suit might proceed to final determination with them added as parties thereto, and on said day the said lien-holders filed their separate answers, in which their respective claims were set out, but served no summons upon Coffee, Cragin & Stubbings; that on February 6, 1892 (some days after the answers of the other lien claimants had been filed under the stipulation), the plaintiffs filed an affidavit for an order directing the service of a summons by publication, and on the eighth of said month the judge granted the same. The summons published in pursuance of said order contained the names of the defendants Coffee, Cragin & Stubbings only, and the first publication thereof appeared in the designated newspaper in the issue of the twelfth of February, and weekly thereafter for six consecutive weeks. On June 14, 1892, the defendants Coffee, Cragin & Stubbings having made default, a decree was entered against them in favor of plaintiffs upon the said service, but no decree was rendered in favor of either of the other lien-holders. The next day the defendants Coffee, Cragin & Stubbings moved to set the decree aside for the reason that the court had no jurisdiction over them, and that no proper or legal service of the summons had ever been made. This motion was overruled by the court, from which the defendants appeal. Affirmed.

*Robert G. Morrow*, for Appellants.

1. The first objection is that the judge did not find or declare the existence of a number of facts which the statute requires to exist before a service can be made by publication. The publication must have been made under the first part of section 56 and subdivision 3 thereof, viz.: Personal service of summons could not be made in Oregon and a cause of action existed against defendants, and the defendants were not residents of Oregon, but had property therein, and the court had jurisdiction of the subject of the action. We insist that the order is insufficient against a direct attack, because the judge in that order does not declare that the defendants, or any of them, had any property within this state, or are proper parties to an action relating to real estate, or that the court had jurisdiction of the action.

We claim that it is necessary to have an adjudication of the existence of the facts requisite to a publication of the summons, and that the existence of these facts must affirmatively appear in the order. If the judge had simply made a general statement in his order that this was a proper case for the publication of summons, it would be presumed that he found the existence of every necessary fact; but when he begins to make findings on the different facts, he must find affirmatively the existence of every fact necessary to sustain his action, or the order is insufficient. The rule that the mention of one is the exclusion of all others is peculiarly applicable in this instance. The judge is under no obligation to believe everything in the affidavit for publication; it may be contradicted by other matters in the record, or the judge may himself know facts that disprove some of the requirements for publication. It is a well-established rule that the affidavit for publication must contain some probative facts on which the judicial mind may act—something from which a con-

clusion may be drawn (*McDonald* v. *Cooper*, 32 Fed. Rep. 748, and authorities cited); and the only way we can know that the court believed as the result of his examination is what he enters in the order. The order directing summons to be, or not to be, published is the record of what the court finds the facts to be, and must of necessity be conclusive. It surely cannot be presumed that the court found other facts which he did not record — this tribunal has several times announced that there are no presumptions in these cases. Nothing "appears" to the court except what it includes in its order. If this is not true, then where will the end be? We shall be overrun with oral and affidavit testimony of what "appeared" to the trial court whenever a service by publication is attacked. This rule was successfully invoked in the recent case of *Beekman* v. *Hamlin*, where the trial court enumerated several, but not all, the circumstances that would tend to show the non-payment of a judgment, and this court held that an instruction should have been given sufficiently broad to include all the circumstances: 23 Or. 313.

2. A second objection to this judgment is that the published summons does not contain either the names of all the defendants or a sufficient statement of the relief demanded: Code, p. 182. The four lien-claiming defendants became parties to the case on the thirtieth of January, 1892, and no steps whatever were taken towards publication for several days, viz.: until the eighth of February. The published summons entirely omits Ira Erb, R. M. Wade & Co., C. E. Snow, and the Oregon Land Company, though they were parties to the suit, and had already filed their answers claiming foreclosures of their respective liens. Four parties defendant were entirely left out in stating the title of the cause, and no intimation is anywhere given in the published summons that they have the slightest interest in the litigation, although the record shows that they had been for some time parties to the

cause and claiming liens to a large amount. It is true that the original complaint did not allege the interest of these intervening defendants, but by stipulating that they are proper parties, the plaintiffs amended their complaint. After the filing of this stipulation of the thirtieth of January, it became a complaint for the determination of the rights of all the parties, and the published summons should have so stated.

The statute, at page 182, § 56, carefully requires a published summons to contain the name of the court, the title of the cause, etc., and all the provisions of the statute must be strictly complied with. The requirements of our statute are rather unusual, but the same provision has been passed upon in other states holding that a summons must contain the name of every party to the action: *Anderson* v. *Brown*, 16 Tex. 554; *Battle* v. *Eddy*, 31 Tex. 369; *Rodgers* v. *Green*, 33 Tex. 663; *Portwood* v. *Wilson*, 33 Tex. 713; *Heath* v. *Traley*, 50 Tex. 209; *Lyman* v. *Milton*, 44 Cal. 630; also *Durham* v. *Betterton*, 79 Tex. 223 (14 S. W. 1060), where the published summons did not contain the file number as required by statute, and the case was reversed. Here the property owners, who resided in Chicago, could not have any knowledge of the suit other than that given by the published summons, which stated that the defendants were Coffee, Cragin & Stubbings. In fact, there were four other defendants, each of whom had filed a cross-complaint against the defendants Coffee, Cragin & Stubbings, and was asking affirmative relief. If their names had appeared, it would have been a suggestion at least, and Coffee *et al.* might have investigated, but neither in the title nor in the statement of the relief demanded is there any suggestion that the lien claimants are parties to the suit.

*William M. Kaiser* ( *Tilmon Ford* on the brief), for Respondents.

1. The sufficiency of the affidavit for publication of the summons is not questioned by the appellant, but they contend that the order for publication found therein is not sufficient. Section 57, Hill's Code, provides what an order for publication must contain, and we submit to the court that the order in this case contains all that is required by said section of the law. And, even if it were required by the said section for the court to find the facts upon which the order is based, the order in this case would be sufficient, because it finds sufficient facts to authorize the granting of the order for publication of the summons, as the court will observe from an examination of the affidavit, and the order for the publication of the summons in this case, because the court found that the defendants were necessary and proper parties defendant in said suit.

In construing an order for the publication of a summons to an absent defendant, the court will consider the affidavit and complaint. In the case of *Knapp* v. *King,* 6 Or. 248, BOISE, J., decides this question in the following language: "The affidavit on which the order was based is not exhibited, and we are not advised of its contents. It is claimed that the order must set out enough to show a case giving the court jurisdiction to make it. If an objection had been made to this record of the judgment when offered in evidence, that this order was not sufficient, as it did not appear affirmatively that the justice had authority to make the order, the parties offering it might have produced the affidavit, and for aught that it appears it was before the court, and as it is not here we must presume that it was sufficient to authorize the order for publication. The only question is, must the order itself recite facts which give the court authority to make it? We think the rule is that in determining the validity of the order, the court may look at the affidavit and the complaint, and in the absence of any proof to the contrary, the court will presume they were sufficient."

2. The appellants object to the decree, because the summons does not contain the names of the alleged parties, Ira Erb, R. M. Wade & Co., C. E. Snow, and the Oregon Land Company. In answer to this objection, the respondents contend that it was unnecessary, and would have been improper to have placed their names in the summons for the following reasons: *First,* there was no amendment of the complaint, as claimed by appellants, as the stipulation referred to, by which said parties were allowed to file their answers, was nothing more than an attempted intervention, which is defined to be "the act by which a third party becomes a party in a suit pending between other persons": 1 Bouvier's Law Dictionary, 744; Pomeroy, Remedies and Rights, § 430. *Second,* the said alleged subsequent lien claimants did not become parties to the suit by their attempted intervention, because they did not ask for any service of their answers upon the defendants, Coffee, Cragin & Stubbings, nor did they make any service or citation thereof whatsoever, nor did they make any attempt to forclose their alleged liens; and the record shows that if they ever had liens against the property described in the complaint, they were barred by the statute at the time the decree was taken: 2 Hill's Code, § 3675; *Chinn & Boyd* v. *Thomas Ong,* 33 La. An. 703; *Coggan* v. *Reeves,* 3 Or. 275; Pomeroy, Remedies and Rights, §§ 429, 430. *Third,* the said Ira Erb, R. M. Wade & Co., C. E. Snow, and Oregon Land Company, were not necessary or proper parties to said suits, for the reason that their answers do not show that they had any liens against the said property, inasmuch as they failed to show that they had filed their liens, if they ever had any, within the time required by law, or that they filed any claim containing a true statement of their demands, after deducting all just credits and offsets, with the name of the owner or reputed owner, as required by 2 Hill's Code, § 3673.

To entitle a person to intervene, he must by averment

show that his rights are involved in the cause which is being litigated, and that he is entitled to the relief which he asks: Pomeroy, Remedies and Rights, §§ 429, 430; *Smith* v. *Allen*, 28 Tex. 497, *Pool* v. *Sanford*, 52 Tex. 621.

MR. JUSTICE MOORE delivered the opinion of the court:

The appellants contend:—*First*, that the order for the publication of the summons is insufficient, and, *second*, the summons did not contain the names of the parties to the suit.

The theory once prevailed that judgments *in personam* against a non-resident, based upon constructive service of process upon him, and without his appearance, would support a sale of the debtor's property situate in the state where rendered, but in *Pennoyer* v. *Neff*, 95 U. S. 727, it was held that when the suit is merely *in personam*, constructive service by the publication of a summons upon a non-resident is ineffectual for any purpose, and that unless the court, at the inception of the proceedings, got jurisdiction of the defendant's property by attachment, or some other equivalent act, so as to make the proceeding *quasi in rem*, no judgment rendered against a non-resident upon such service would have any force or effect. When the court gets jurisdiction of the defendant's property, it may order the service of process by publication, upon the theory that such property is always in the possession of the owner, in person or by agent, and its seizure must necessarily inform him of the nature of the proceedings, and thus give the court jurisdiction to deal with it. The subject of the action may be the recovery of money, and since the debtor's property within a state should be liable to the citizens thereof for the payment of his debts, it follows that the subject of the action carries with it the property which has by attachment or other lien become an incident thereto. The process may be constructively served whenever the court has jurisdiction of the defendant's

property, either in a direct proceeding to divest him of his title, or where such property has by any lien thereon become the incident of any judicial proceeding. Judgments rendered upon such service are *quasi in rem*, and only attach to property of which the court had jurisdiction at the time the service of process was ordered. It is well settled that statutes which provide for the service of process by publication are in derogation of the common law, and must be strictly construed: *Odell* v. *Campbell*, 9 Or. 298. The affidavit is the complaint upon which the judgment order for service is based, and must state every jurisdictional fact required by the statutes: *McMillen* v. *Reynolds*, 11 Cal. 372. If the affidavit be insufficient, the court acquires no jurisdiction over the defendant, and the judgment is void: *Braly* v. *Seaman*, 30 Cal. 610.

1. Section 56, Hill's Code, so far as it applies to the case at bar, provides that when service of the summons cannot be had as prescribed in the preceding section, it may, by order of the court or judge, be served by publication, when the defendant is not a resident of the state, but has property therein, and cannot after due diligence, be found within the state, and that fact appears to the satisfaction of said court or judge, and it also appears that a cause of action exists against the defendant, and that the court has jurisdiction of the subject of the action. Plaintiff's affidavit for such order shows when the complaint was filed, and the nature and object of the suit; that the defendants resided out of this state, and could not after due diligence be found therein, and the means adopted to ascertain said fact, and to discover their residence and postoffice address, which are given; that the suit relates to real property in this state, which is properly described; that they are proper parties thereto, and that copies of the complaint and lien were attached to and made a part thereof. The judge, upon presentation of said affidavit, made an order which, in substance, recites that it satisfac-

torily appeared therefrom that neither of said defendants could after due and diligent search and inquiry be found in the state of Oregon; that they reside out of said state; that a cause of suit existed in favor of plaintiffs against the said defendants; that personal service of the summons could not be made upon them, and directed the time and manner of the service by publication; but said order contained no finding that the defendants had any property within the state, or that the court had jurisdiction of the subject of the suit. The affidavit states all the probative facts necessary to justify the court in being satisfied of the existence of the ultimate facts required by the statute. Copies of the complaint and lien are made parts of the affidavit, and from each a correct description of the real property sought to be affected by the foreclosure of the lien can be ascertained. The complaint may be read with the affidavit, when made a part of it, for the purpose of aiding the latter: *McDonald* v. *Cooper*, 32 Fed. Rep. 745. All that the statute requires from the court or judge, upon the presentation of the affidavit, if the jurisdictional facts satisfactorily appear therefrom, is to make an order, properly dated, that the publication be made in a particular manner for a reasonable time, and a direction that a copy of the summons and complaint be forthwith deposited in the postoffice, directed to the defendant, at his place of residence, if known: Hill's Code, § 57. The affidavit must state the jurisdictional facts, and the order of the court or judge is the conclusion reached from such statements. Jurisdiction is based upon the affidavit, and not on the recitals of fact found in the order. If the judge had made findings which were not supported by the affidavit, and issued the order for publication upon such findings, the service of process would have been voidable. The affidavit in this case stated all the facts necessary to give the court or judge jurisdiction, and the order based thereon is sufficient without any recitals. When the order has

been granted it must be presumed that the jurisdictional facts have been established, but if they do not appear in the affidavit, this presumption is overcome, and the order thereby rendered void. When plaintiffs, under the provisions of section 3673, Hill's Code, filed their lien, it attached to the property therein described, and this description having been copied into the affidavit the court obtained jurisdiction thereof, and the decree obtained under said service of summons by publication bound all said property.

· · 2.  Section 3677, Hill's Code, provides that all lienholders whose claims have been filed for record shall be made parties to a suit to foreclose the lien of any of them. The record shows that on the twenty-ninth day of August, 1891, E. E. Snow, Ira Erb, the Oregon Land Company, and R. M. Wade & Co., filed claims with the clerk of said county for material furnished by each and used in the building upon which plaintiffs' claimed their lien, and thus became proper parties to the suit, and when the stipulation was entered into that they might intervene therein, it was a recognition of their rights. When they filed their separate answers they did not thereby amend plaintiffs' complaint, since it could not be amended by stipulation unless the defendants Coffee, Cragin & Stubbings had joined therein. Plaintiffs had the right to amend, but this could not be done except by filing and serving a copy of the amended pleading upon the adverse parties (Hill's Code, § 99), and they not having exercised such right, there was no amendment. If it were admitted that the stipulation and answers amended the complaint and brought in new parties, then the summons which was served would be ineffectual to give the court jurisdiction; but the complaint not having been amended by the stipulation and answers, the summons contained the statutory requirements necessary to give the court jurisdiction.

The manifest object of the statute which requires a

plaintiff in foreclosing his lien to make all lien-holders parties is to save to the owners of the property all the expense possible. This object, so far as the defendants Coffee, Cragin & Stubbings are concerned, was accomplished, since the lien-holders who came in by stipulation failed to serve a summons upon them; and, the statute having run against their claims, the defendants have not only saved the costs and disbursements they would otherwise be liable for, but have also been relieved from the liens upon their property. The decree is AFFIRMED.