Argued October 8, reversed November 10, 1914.

# FELTS *v.* BOYER.

(144 Pac. 420.)

**Judgment—Opening Default Judgment—Right to Defend After Judgment on Service by Publication—"Representative."**

1. In a suit to quiet title, a purchaser from defendants, after the entry of judgment by default on service by publication, was entitled to the benefits of Section 59, L. O. L., providing that the defendant against whom publication is ordered, or his representatives, may, upon good cause shown, be allowed to defend within one year after the entry of judgment, as "representatives" is not intended to designate only the executor or administrator of a deceased person, but includes any person who has succeeded to the rights of defendant by purchase or descent, or by operation of law.

[As to statute authorizing vacating and setting aside judgment when taken by default, see note in 58 Am. Dec. 392.]

**Process—Service by Publication—Necessity of Mailing Copy of Summons and Complaint.**

2. Under Section 56, L. O. L., providing that when personal service cannot be made, and defendant after due diligence cannot be found within the state, and that fact appears by affidavit, the court shall grant an order for service by publication, and Section 57, providing that on publication the court shall direct a copy of the summons and complaint to be deposited in the postoffice directed to defendant at his place of residence, unless such residence is not known and cannot with reasonable diligence be ascertained, where an affidavit for service by publication showed that the residence of defendants was unknown and could not be ascertained by reasonable diligence, and that they had never maintained a residence within the state, the court acquired jurisdiction by publication without a copy of the summons and complaint being mailed to defendants.

[As to validity of statute providing for constructive service on nonresident or unknown claimants to land, see note in Ann. Cas. 1914D, 677.]

**Process—Service by Publication—Affidavit—Sufficiency.**

3. An affidavit upon which an order for service of process by publication is based must state the probative facts, and not merely the conclusion that defendant cannot be found within the state, or that his residence cannot be ascertained by the exercise of reasonable diligence.

**Appeal and Error—Presumptions in Support of Judgment.**

4. On appeal from an order denying an application to vacate a decree rendered on service by publication and to permit the applicant to be substituted as defendant with permission to answer, where the abstract of record on appeal did not show the contents of the order for service by publication, it would be assumed that it embraced in

form and context the affidavit for publication, which was sufficient to justify an order for service by publication without mailing a copy of the summons and complaint.

**Appearance—Service of Process—Defects—Waiver.**

5. While a defendant may appear specially to object to the jurisdiction, or to set aside a judgment for want of proper service of process, without submitting himself to the jurisdiction for any other purpose, where the chief purpose of a motion was not to vacate a decree rendered on service by publication on jurisdictional grounds, but to obtain permission to defend by filing an answer, the motion constituted a waiver of all irregularities in the service of process, and the applicant submitted himself to the jurisdiction as completely as if regularly served with process.

[As to defects in the service of summons, see note in 61 Am. St. Rep. 485.]

**Judgment—Opening Default Judgment—Right to Defend After Judgment on Service by Publication—"Good Cause."**

6. Under Section 59, L. O. L., providing that a defendant against whom publication is ordered, or his representatives, may, upon "good cause" shown and upon such terms as may be proper, be allowed to defend after judgment and within one year after the entry of such judgment on such terms as may be just, a defendant who comes within its terms by showing that he has a good defense and had no actual notice of the pendency of the suit or action is entitled to an opportunity to defend as a matter of statutory right, and the trial court may not in its own discretion deny him such opportunity; the showing that he had no knowledge or notice that the suit was pending until after the decree was entered constituting a showing of "good cause."

From Douglas: JAMES W. HAMILTON, Judge.

This is a suit by George F. Felts against James D. Boyer and Harriet Boyer, his wife. From an order denying an application to vacate a decree entered by default, and to permit W. F. Thomas to be substituted as defendant, with permission to answer, defendants appeal. REVERSED.

For appellants there was a brief and an oral argument by *Mr. Oliver P. Coshow.*

For respondent there was a brief over the names of *Mr. E. B. Hermann* and *Mr. C. L. Hamilton,* with an oral argument by *Mr. Hermann.*

Department 2. MR. JUSTICE McNARY delivered the opinion of the court.

The error assigned consists of the trial court's refusal to vacate a decree and to permit the intervener, W. F. Thomas, to be substituted as defendant, with permission to answer. In December, 1911, plaintiff initiated a suit against defendants in the Circuit Court for Douglas County, wherein he purposed to quiet title to the northwest quarter of section 22, township 29 south, range 8 west. Thereafter summons were placed for service with the sheriff of the county, who made return that, after diligent search and inquiry, he had been unable to find defendants within the county. Afterward plaintiff subscribed to and filed an affidavit for publication of the summons. On November 27th the Circuit Court made an order for service of summons by publication. Subsequently summons was published in the manner and form prescribed by law. Defendants failing to appear, judgment by default was entered on December 23, 1912. In May, 1913, Mr. Thomas obtained from defendants a deed to the premises. The motion to annul the decree was submitted in September following, and is supported by the affidavit of Mr. Thomas, affirming that neither of defendants had any knowledge or notice that the suit was pending until after the decree had been entered, and that the service of summons was made by publication, "without a copy of the summons or the complaint being mailed to the defendants, or either of them." Attached to the motion is an answer, alleging many imperfections in plaintiff's title by reason of the sale of the premises under proceedings relative to delinquent taxes.

1. The first conflict of legal opinion arises over the meaning of the word "representatives," as used in Section 59, L. O. L.; counsel for plaintiff contending that the interposer of the motion, W. F. Thomas, is a stranger to the record, and therefore not in a position to enlist the aid of Section 59, L. O. L., which says:

"The defendant against whom publication is ordered, or his representatives, may * * upon good cause shown, and upon such terms as may be proper, be allowed to defend after judgment, and within one year after the entry of such judgment on such terms as may be just."

With much force and plausibility counsel supporting the motion argues that the word "representatives," within the meaning of the statute, includes successor in interest. Probably the ordinary meaning of the word "representatives" is limited in its application to executors and administrators; however, this is not the only meaning of the term. For it must be said that general expressions in law must be construed to have a general application, unless there be a clear indication that they were intended to be used in a restricted sense. Our opinion is that the word "representatives," as disclosed by the statute, was intended by the legislature to designate, not only the executor or administrator of a deceased person, but also the person who has succeeded to the right of the deceased, whether by purchase or descent, or by operation of law. To hold that the defendant, or in case of death his executor or administrator, could alone move to defend after judgment, would leave a purchaser of the property from a grantor, who subsequently died, without a remedy. Courts are ever covetous to relieve against judgments or decrees by default whenever a meritorious showing is made;

therefore to declare that relief is available to the grantee defaulting, and not to his successor in interest, would be fastening a construction on the statute not intended by the lawgivers and one fraught with biased consequences.

We think Mr. Thomas had a legal right equivalent with the defendants to enter the door of equity and apply for the redress which he seeks: 5 Words and Phrases, 4073; *Magemau & Co.* v. *Bell,* 13 Neb. 247 (13 N. W. 277); *Grand Gulf R. & B. Co.* v. *Bryan,* 16 Miss. (8 Smedes & M.) 234; *Davis* v. *Davis,* 26 Cal. 23 (85 Am. Dec. 157); *Merchants' Nat. Bank* v. *Abernathy,* 32 Mo. App. 211; *Hogan* v. *Page,* 69 U. S. (2 Wall.) 605 (17 L. Ed. 854); *Malone* v. *Big Flat Gravel Min. Co.,* 93 Cal. 384 (28 Pac. 1063); *Mutual Life Ins. Co.* v. *Armstrong,* 117 U. S. 591 (29 L. Ed. 997, 6 Sup. Ct. Rep. 877). The word "judgment," used in the section of the statute to which advertence has been made, was heretofore by this court construed to include decrees: *Waymire* v. *Shipley,* 52 Or. 464 (97 Pac. 807). The expression "personal representatives" and the word "representatives," occurring in the section of the statute having our attention, are to be understood as referring to a like status: 5 Words and Phrases, 4070.

2. We come now to a consideration of the crux of the controversy; that is, whether the court acquired jurisdiction to render a decree in the original proceeding. This necessitates our inspection of the record. The affidavit filed in support of the motion for "leave to answer" recites that the defendants had no knowledge nor notice of the suit until after the decree was entered, and that the service of summons was made by publication, "without a copy of the summons and complaint being mailed to the defendants, or either of

them." With regard to the service of summons by publication, Section 57, L. O. L., says:

"In case of publication, the court or judge shall also direct a copy of the summons and complaint to be forthwith deposited in the postoffice, directed to the defendant at his place of residence, unless it shall appear that such residence is neither known to the party making the application nor can with reasonable diligence be ascertained by him."

We read in Section 56, L. O. L., that:

"When service of the summons cannot be made as prescribed in the last preceding section [personal service], and the defendant after due diligence cannot be found within the state, and when that fact appears by affidavit to the satisfaction of the court or judge thereof, * * the court * * shall grant an order that the service be made by publication of a summons."

The postulate to be deduced from these statutory provisions is: (1) Proof of the exercise of due diligence to locate defendant within the state; (2) the appearance of that fact by affidavit to the satisfaction of the court; (3) deposit of a copy of the summons and complaint in the postoffice, directed to the defendant at his place of residence, *unless* it is made to appear by the affidavit that the residence is neither known to the affiant nor can with reasonable diligence be ascertained by him. To determine whether the Circuit Court acquired jurisdiction to render a decree impels a critical analyzation of the affidavit for the order of publication, which is as follows:

"That I am plaintiff in the above-entitled suit. That the complaint in said suit was filed with the clerk of said court on the 19th day of December, 1911, and summons thereupon issued. That a cause of suit exists in favor of the plaintiff, George F. Felts, and against the defendants above named, the grounds of

which are as follows: That this plaintiff is the owner in fee simple of the northwest quarter ($\frac{1}{4}$) of section twenty-two (22) in township twenty-nine (29) south, range eight (8) west, W. M., which real estate is in the State of Oregon. That the defendants are both non-residents of this state, but claim some right, title, and interest to said real estate herein described, which claim is adverse to the claim of the plaintiff and his rights, and is therefore a cloud upon plaintiff's title. That defendants are necessary and proper parties defendant to said suit. That said summons, issued as aforesaid, was delivered to the sheriff of said county of Douglas, with directions to said sheriff to serve the same upon the defendants, and said sheriff has returned said summons to the clerk of this court with the return thereon indorsed to the effect that said defendants could not be found in his county. That said defendants cannot be found within this state, after due diligence has been exercised to find defendants, by inquiring of the postmaster in Roseburg, Oregon, and of the county assessor of said Douglas County, where said land lies, and also of the clerk and sheriff of said county; but none of said parties inquired of could tell where defendants are or their residence, but each and all claimed not to know them. And this plaintiff also inquired of one Benjamin F. Shields, a timber cruiser and a well-known resident of said Douglas County, Oregon, and one well conversant with the real estate in said county of Douglas, and knows the identical realty herein described; but he informed this affiant that he did not know and does not know the residence or the postoffice address of the defendants, or either of them. And this affiant says that he never knew the defendants, or either of them, and cannot find anyone who ever was a neighbor or an acquaintance of the defendants. And he further says that he never knew of a residence maintained by the defendants in this state or elsewhere. Wherefore plaintiff, who is the affiant herein, says that the defendants are both nonresidents of this state and are not now within the State of Oregon; and inasmuch as

he cannot find a residence or postoffice at which the defendants receive mail, and personally knows of no such residence or postoffice at which defendants, or either of them, could be communicated with, by letter or otherwise, plaintiff asks that the order of this court authorizing and directing publication, excuse plaintiff from forwarding the complaint and summons, as published, by mail to the defendants, because plaintiff says that after due diligence plaintiff cannot ascertain defendants' place of residence or postoffice address. That this affiant therefore says that personal service of said summons cannot be made on the said defendants, or either of them, and prays for an order of this court that service of the same may be made by publication therefor in the 'Roseburg Review,' a newspaper of general circulation, printed and published at Roseburg, Douglas County, Oregon. That said publication be made for six successive weeks the first publication being made on the 27th day of May, 1912, and the last on the 15th day of July, 1912, or for such time as the court may think reasonable.''

3. Beyond peradventure, every fact must be shown which is necessary under the statute to give the right to an order for service by publication; in truth, the probative facts must be stated, it not being sufficient merely to use the words of the statute. While there is some conflict in the adjudged cases, yet we think the better doctrine requires a particular statement covering the requirements of the statute when it is in the form of a mere conclusion. This thought is splendidly stated by Mr. Chief Justice SANDERSON in *Ricketson* v. *Richardson,* 26 Cal. 149:

''It is not sufficient to state generally that after due diligence the defendant cannot be found within the state, or that the plaintiff has a good cause of action against him, or that he is a necessary party; but the acts constituting due diligence or the facts showing that he is a necessary party should be stated. To hold

that a bald repetition of the statute is sufficient is to strip the court or judge to whom the application is made of all judicial functions and allow the party himself to determine in his own way the existence of jurisdictional facts—a practice too dangerous to the rights of defendants to admit of judicial toleration: *Pike* v. *Kennedy,* 15 Or. 420 (15 Pac. 637); *People* v. *Wrin,* 143 Cal. 11 (76 Pac. 646); 32 Cyc. 478.''

4. It would have been an idle act for the Circuit Court to have ordered a copy of the summons and complaint forthwith to be deposited in the postoffice, directed to the defendants, as the affidavit made it clear that the residence of the defendants was unknown and could not be ascertained with the employment of reasonable diligence. While the abstract of record on appeal does not show the contents of the order, and dismisses the matter by simply reciting that the Circuit Court made an order for the service of summons by publication, we will assume, in the absence of a more complete record, that the order embraced in form and context the affidavit for publication, which must state the jurisdictional facts.

In *Goodale* v. *Coffee,* 24 Or. 346 (33 Pac. 990), Mr. Justice MOORE said:

''Jurisdiction is based upon the affidavit, and not on the recitals of the fact found in the order. If the judge had made findings which were not supported by the affidavit, and issued the order for publication upon such findings, the service of process would have been voidable. The affidavit in this case stated all the facts necessary to give the court or judge jurisdiction, and the order based thereon is sufficient without any recitals. When the order has been granted, it must be presumed that the jurisdictional facts have been established; but if they do not appear in the affidavit, this presumption is overcome, and the order thereby rendered void.''

Confessedly, the affidavit states all of the probative facts necessary to excuse an order of the court directing a copy of the summons and complaint, to be deposited in the postoffice directed to the defendants, for it is fully made to appear that the defendants were without the State of Oregon, that they never maintained a residence within the state, and that their residence is wholly unknown. All that could be done was done by the publication of the summons in a paper of general circulation for the full time required by statute, and in so doing, we believe the court acquired jurisdiction of the person of the defendants. The language of the statute is plain, and the means and methods provided for obtaining service must be religiously observed, since the whole proceeding is in derogation of the common law: *Odell* v. *Campbell,* 9 Or. 298; *Goodale* v. *Coffee,* 24 Or. 346 (33 Pac. 990); *McCauley* v. *Fulton,* 44 Cal. 355; *Schaller* v. *Marker,* 136 Iowa, 575 (114 N. W. 43). Yet, when facts sufficient appear excusing the omission of a requirement of the statute, no additional acts are necessary.

5. Furthermore, the motion interposed did not have for its function the vacation of the decree on jurisdictional grounds, but its chief aim was to obtain permission to defend the suit by filing an answer therein. This in itself was a waiver of all irregularities in the service of process. The doctrine was established in *Kinkade* v. *Myers,* 17 Or. 470 (21 Pac. 557), and reiterated in *Belknap* v. *Charlton,* 25 Or. 41 (34 Pac. 758), *Mayer* v. *Mayer,* 27 Or. 133 (39 Pac. 1002), *Anderson* v. *McClellan,* 54 Or. 206 (102 Pac. 1015), and *Fildew* v. *Milner,* 57 Or. 16 (109 Pac. 1092), that a defendant may appear specially to object to the jurisdiction of the court, or to set aside a judgment or decree for want of proper service of process, without submitting himself

to the jurisdiction of the court for any other purpose. But when he appears and seeks some relief which could be granted only on the hypothesis that the court has jurisdiction of his person, he will be considered as having entered a general appearance and submitted himself to the jurisdiction of the court as completely as if regularly served with process. And as said in *Mayer* v. *Mayer*, 27 Or. 133 (39 Pac. 1002): "This is so although his appearance may be after judgment is entered against him." In this case the motion did not draw in question solely the decree on jurisdictional grounds, but it was a motion general in its scope and having for its accomplishment the annulment of a decree, permission to defend, and the substitution of the intervener as defendant.

6. Finally, we reach the place where we must consider the ultimate rights of the applicant as vouchsafed by Section 59, which provides that defendant against whom publication was ordered may, "upon good cause shown, and upon such terms as may be proper, be allowed to defend after judgment, and within one year after the entry of such judgment." Some uncertainty has crept into the practice on account of this section of the statute not always being differentiated from Section 103, L. O. L., which says that:

"The court may likewise, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done after the time limited by this code, or by an order enlarge such time; and may also, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect."

In the latter legislative edict it will be observed that the court may in the exercise of its "discretion" relieve a party from a judgment, etc., taken against him through mistake, surprise or excusable neglect, and only a plain abuse of discretion in refusing relief will be reviewed. In the former section (59), which has for its consideration judgments rendered in those cases where publication of summons has been ordered, a party may, upon good cause shown, be allowed to defend within one year after judgment. In the cases that have been before this court, it is not always made clear which section of the statute was invoked, yet we do not believe this court has given existence to a single case that holds the trial court may follow its own discretion in relieving a party from a judgment upon good cause shown, when he brings himself within Section 59. The cases of *White* v. *Northwest Stage Co.,* 5 Or. 103, and *Bailey* v. *Williams,* 6 Or. 73, are brought to us as authorities; but from a reading of these cases it will appear that they each inherently fall under the provision of Section 103. In discussing Section 59, L. O. L., in *Mayer* v. *Mayer,* Mr. Chief Justice Bean, in 27 Or. 135 (39 Pac. 1003), said:

"There is some conflict in the decisions as to whether statutes similar to this are mandatory, so as to entitle a defendant who brings himself within their provisions to appear and defend as a matter of right, or whether the application is addressed to the sound discretion of the court, and will be interfered with by an appellate court only in cases of an abuse of discretion. The former rule seems to prevail in Wisconsin (*Berry* v. *Nelson,* 4 Wis. 375; *Pier* v. *Millerd,* 63 Wis. 33 (22 N. W. 759), while the courts of Minnesota take the latter view (*Washburn* v. *Sharpe,* 15 Minn. 63 [Gil. 43]; *Frankoviz* v. *Smith,* 35 Minn. 278 (28 N. W. 508). But we do not think the application in the case is sufficient under either view."

We think the language employed in Section 103 includes all cases irrespective of how the summons was served. Section 59 relates solely to the service of the summons by publication. It is only by the interpolation of the word "discretion" that the court has the same exercise of choice in Section 59 that it has in Section 103. This insertion we cannot make. It is quite reasonable to suppose the legislature intended to give one not personally served with summons a greater opportunity to obtain relief than one personally served. Section 103 provides that the court "may in its discretion grant the relief." Section 59 states that the defendant "against whom publication is ordered" shall be allowed to defend upon good cause shown. The construction, we believe, that is best adapted to advance the ends of justice, is that Section 59 supplies the defendant, who comes within its terms by showing that he has a good defense and had no actual notice of the pendency of the suit or action, an opportunity to defend as a matter of statutory right and not of judicial discretion: *Lyon* v. *Robbins,* 46 Ill. 276; *Lord* v. *Hawkins,* 39 Minn. 73 (38 N. W. 689); *Boeing* v. *McKinley,* 44 Minn. 392 (46 N. W. 766); *Brown* v. *Conger,* 10 Neb. 236 (4 N. W. 1009); *Green* v. *Goodloe,* 7 Mo. 25; *Albright* v. *Warkentin,* 31 Kan. 442 (2 Pac. 614); 23 Cyc. 916.

In the case before us, the answer tendered with the motion embraces a statement of facts, which in our opinion constitutes a good defense, while the affidavit filed in support of the motion declares, with naught in contradiction thereof, that defendants had "no knowledge or notice that the suit was pending until long after the decree had been entered." This we consider a "good cause shown." Therefore, as it is our conviction that Section 59 is mandatory upon the court

when defendant brings himself within its terms, the judgment of the trial court is reversed, with direction that the intervener be substituted as party defendant, and that the default decree be annulled and permission granted to file the answer.                    REVERSED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE BEAN concur.