Argued at Pendleton, November 1, 1922, reversed and remanded January 9, rehearing denied February 6, 1923.

## OKANOGAN STATE BANK *v.* THOMPSON ET AL.

### (211 Pac. 933.)

**Judgment—Default Judgment Against Nonresident a Nullity, Where No Substantial Compliance With Statutory Requirements of Notice.**

1. A judgment on default after service by publication against a nonresident defendant is a nullity where there has not been substantial compliance with the statutory requirements of notice to defendant.

**Attachment—Demand for Relief in Complaint Need not State Plaintiff's Intention to Attach Defendant's Property.**

2. The intention of plaintiff to attach property of defendant does not impose any statutory obligation to so state in the demand for relief made in the complaint required by Section 53, Or. L.

**Process—Published Summons, Stating Relief Demanded in Words of Complaint, Held Sufficient Under Statute.**

3. Where suit is brought against a nonresident and service had by publication as well as by personal service by summons in a foreign jurisdiction, the requirement of Section 56, Or. L., that the summons published "shall require a succinct statement of the relief demanded," refers to the demand for relief set forth in the prayer of complaint, as required by Section 67; and where the summons contains a statement of the relief demanded in the very words of the recovery demanded in the complaint, it is in strict compliance with the statute.

**Constitutional Law—Sale Under Judgment Against Nonresident, on Published Summons Failing to Notify Defendant of Intention to Attach Property, Held Void Under Due Process Clause of Federal Constitution.**

4. Where suit was brought against a nonresident defendant, and service of summons was had by publication and also by personal

———————————

4. What service of process is sufficient to constitute due process of law, see notes in 50 L. R. A. 577; 59 L. R. A. 178; 35 L. R. A. (N. S.) 292; L. R. A. 1917C, 1143; 17 A. L. R. 884.

service in another state, but the summons failed to notify defendant that property belonging to him had been attached and would be sold to satisfy the judgment a judgment of sale was invalid as in contravention of the due process clause of Constitution of the United States, Amendment 14.

### Attachment—Summons Served by Publication Need not Notify Nonresident Defendant of Attachment of Property in Absence of Statute.

5. In the absence of statute requiring notice of intention to attach property belonging to defendant, a summons, published or served personally in another state, need not notify the nonresident defendant that the property belonging to him has been attached, where the writ of attachment is executed in compliance with the statute by a seizure of the attached property or some equivalent act, such as provided by Section 300, Or. L., providing for filing and recording of the prescribed certificate by the sheriff.

### Attachment—Filing of Sheriff's Certificate of Attachment Held to Confer Jurisdiction Over Attached Property.

6. Under Section 300, Or. L., dispensing with the performance of acts equivalent to seizure of property on attachment, and providing for the filing and recording of the prescribed certificate made by the sheriff to afford notice to intended purchasers that real property affected thereby has been subjected to a lien for the payment of such a sum of money as may be recovered in an action therefor, the court acquires jurisdiction and control over the property attached to the same extent as resulted under the former procedure.

From Morrow: GILBERT W. PHELPS, Judge.

In Banc.

REVERSED AND REMANDED.    REHEARING DENIED.

For appellant there was a brief over the names of *Mr. R. R. Butler* and *Mr. Sam E. Van Vactor,* with an oral argument by *Mr. Butler.*

For respondents there was a brief over the names of *Mr. Clinton E. Woodson, Mr. C. A. Sweek* and *Mr. J. J. Nys,* with an oral argument by *Mr. Woodson.*

McCOURT, J.—This is a suit to enjoin an execution sale, advertised to take place pursuant to a writ of execution issued upon a judgment against one Frank P. Farnsworth, and levied upon lands which

plaintiff claims to own, and to cancel the judgment mentioned. From a decree sustaining a general demurrer to plaintiff's complaint and dismissing the suit, plaintiff appeals.

The complaint sets forth that plaintiff is a Washington corporation not doing business within the State of Oregon; that on December 6, 1919, defendant M. Belle Thompson instituted an action in the Circuit Court for Morrow County against Frank P. Farnsworth, and in her complaint therein, prayed for judgment against Farnsworth "for the sum of $1500 with interest thereon at the rate of 8 per cent per annum from February 10, 1913, for the further sum of $250, attorney's fees, and for her costs and disbursements of said action."

Writs of attachment were regularly issued, and real property in Morrow, Baker and Gilliam Counties, as that of Farnsworth, was attached.

Farnsworth was a nonresident of the State of Oregon, and resided at Riverside in the State of Washington; on and prior to the eighteenth day of August, 1919, he owned an interest in the real property thus attached, and on that date he executed and delivered to plaintiff a deed purporting to convey his interest in the same to plaintiff, subject to administration charges in, and claims against, the estate of O. E. Farnsworth, which estate was then in process of administration. The real property referred to in the conveyance constituted assets of that estate. Plaintiff did not record its deed until the nineteenth day of May, 1920, when the same was placed on file and recorded in the records of deeds of Morrow County, Oregon.

On the tenth day of May, 1920, upon the application and affidavit of defendant M. Belle Thompson,

an order for the publication of summons against said Frank P. Farnsworth was regularly entered in the action against him, and thereafter on the fourteenth day of May, 1920, Farnsworth was personally served with summons and complaint in the State of Washington.

The summons served upon Farnsworth recited the name of the court, title. of the cause, the date fixed for the appearance of defendant therein, and also contained this notice:

" * * you are hereby notified that in case you fail to so appear or answer, for want thereof plaintiff will take judgment against you for fifteen hundred dollars, with interest thereon at the rate of 8 per cent per annum from February 10th, 1913, for the further sum of $250 attorney's fee and for the costs and disbursements of this action."

Defendant having failed to appear, and having made default, judgment was entered in favor of M. Belle Thompson, and against the defendant Frank P. Farnsworth, for the sums of money demanded in the complaint and in the summons, and it was further ordered and directed that attachment execution issue, directing that all of the interest of defendant Frank P. Farnsworth in and to the real property theretofore attached, be sold under execution for the payment and satisfaction of such judgment.

It is further alleged in the complaint that the judgment is void upon its face for the reason that the summons prepared for publication and served personally on Farnsworth, as aforesaid,—

" * * fails to state that any property belonging to the said defendant, Frank P. Farnsworth was or had been attached in said action or to describe the same or any part thereof, or that plairtiff in said action would ask for judgment or order of sale of

any property of the said defendant attached in said action.''

Plaintiff also alleges that the judgment constitutes a cloud on its title to the real property attached in the action and ordered sold in the judgment, and that the defendant Elmer Montague, sheriff of Gilliam County, is now proceeding to advertise the real property, situated in his county and attached in said action, for sale upon execution, and unless restrained, he will sell the same for the purpose of applying the proceeds to the satisfaction of the judgment in favor of defendant Thompson.

Plaintiff contends, that in order to give any validity to a judgment based thereon, a summons published in an action for the recovery of money only, must notify the nonresident defendant who makes no appearance, that specified property belonging to him, has been attached and that plaintiff will apply for an order for the sale thereof to satisfy any judgment that may be recovered by plaintiff. That contention is founded upon the direction contained in Section 56, Or. L., that the summons published "shall contain * * a succinct statement of the relief demanded.''

1. It must be conceded that a judgment such as that attacked in the instant case is a nullity, where there has not been substantial compliance with the statutory requirements of notice to the defendant. *Bagley* v. *Bloch,* 83 Or. 607, 620 (163 Pac. 425), where earlier Oregon cases are collected and cited.

Under our practice, the complaint is the only pleading wherein the relief sought is demanded. One of the requisites of a complaint prescribed by the statute (Section 67, Or. L.), is that it shall contain—

"A demand of the relief which the plaintiff claims. If the recovery of money or damages be demanded, the amount thereof shall be stated.''

2. The intention of plaintiff to attach property of the defendant does not impose any statutory obligation to so state in the demand for relief made in the complaint.

Where personal service of summons is made within the state, there is required to be inserted in the summons a notice—

"1. In any action for the recovery of money or damages only, that the plaintiff will take judgment for a sum specified therein, if the defendant fail to answer the complaint;

"2. In other actions, that if the defendant fail to answer the complaint, the plaintiff will apply to the court for the relief demanded therein." Section 53, Or. L.

In the case of *George* v. *Nowlan,* 38 Or. 537, 543 (64 Pac. 1), the court, considering the requirement of the statute that the summons published shall contain, among other things, "a succinct statement of the relief demanded," said:

"This statute, as the language imports, does not require the summons to contain a full statement of the relief demanded in the complaint, but simply a concise or summary statement thereof."

To similar effect, see *Lane* v. *Ball,* 83 Or. 404, 422 (160 Pac. 144, 163 Pac. 975).

No demand for recovery or relief against the defendant is incorporated in the attachment proceedings, to which by the terms of the statute, resort may be had only after the complaint has been filed and at the time of, or after, the issuance of summons, and for the purpose of bringing property of the defendant within the jurisdiction of the court as security for the satisfaction of any judgment that may be recovered: Section 295, Or. L.

3. All the statutory provisions referred to were adopted prior to the decision in *Pennoyer* v. *Neff*, 95 U. S. 714 (24 L. Ed. 565, see, also, Rose's U. S. Notes), and when it was assumed in most jurisdictions that a judgment against a nonresident defendant, supported by substituted service only and without prior attachment of property, was valid as against any property of such defendant situated within the territorial jurisdiction of the court rendering the judgment: *Goodale* v. *Coffee*, 24 Or. 346, 353 (33 Pac. 990); case note, 50 L. R. A. 577 et seq. It is clear, therefore, that the requirement that the summons published, "shall contain * * a succinct statement of the relief demanded," refers to the demand for relief set forth in the prayer of the complaint.

4. The summons to which objection is made contains a statement of the relief demanded in the very words of the recovery demanded in the complaint, and therefore was in strict compliance with the statute.

But plaintiff insists that unless the summons which is published or served personally upon a nonresident in the state of his residence pursuant to an order for publication, contains a notice to the defendant that property belonging to him has been attached and will be condemned in satisfaction of any judgment that may be obtained against him, it does not meet the requirements of the "due process of law" clause of the Fourteenth Amendment to the Constitution of the United States.

The decisions of the Supreme Court of the United States hereinafter cited, establish that the Fourteenth Amendment to the federal Constitution controls the forms of procedure and regulates the practice in state courts only to the extent of requiring that a party

shall have full notice and reasonable opportunity to be heard, before judicial sentence is passed against him or his property.

Property of the nonresident defendant having been attached and brought within its jurisdiction, the court was empowered to order service of summons by publication: *Goodale* v. *Coffee,* 24 Or. 346 (33 Pac. 990); *Willamette Real Estate Co.* v. *Hendrix,* 28 Or. 485 (42 Pac. 514, 52 Am. St. Rep. 800); *Bank of Colfax* v. *Richardson,* 34 Or. 518 (54 Pac. 359, 75 Am. St. Rep. 664); *Katz* v. *Obenchain,* 48 Or. 352 (85 Pac. 617, 120 Am. St. Rep. 821); *Starkey* v. *Lunz,* 57 Or. 147 (110 Pac. 702, Ann. Cas. 1912D, 783); *Mertens* v. *Northern State Bank,* 68 Or. 273 (135 Pac. 885).

The above-cited authorities sustain the further proposition that in the absence of a general appearance by a nonresident defendant served by publication of summons, the action continues in the nature of a proceeding *in rem.* In *Katz* v. *Obenchain, supra,* Mr. Chief Justice BEAN, at page 355 of the opinion, said:

"The proceeding by attachment is, therefore, in the nature of a proceeding *in rem.* It is against the particular property. The attaching creditor thereby acquires a specific lien upon the attached property which ripens into a judgment against the *res* when the order of sale is made. Such a proceeding is in effect a finding that the property attached is an indebted thing, and a virtual condemnation of it to pay the owner's debt."

However, before the court can proceed to judgment of condemnation of the property brought within its jurisdiction by attachment proceedings, notice of the action and an opportunity to be heard must be given, and where personal service is not had, the right to adjudicate thereon is acquired only by the publica-

tion of the summons. It is the substituted service, and not the dominion over the attached property, that authorizes the court to condemn the property to the payment of plaintiff's claim: *Bank of Colfax* v. *Richardson,* 34 Or. 518 (54 Pac. 359, 75 Am. St. Rep. 664).

5. In the absence of statute requiring such notice, it is clear that the summons published or served personally in another state need not notify the nonresident defendant that the property belonging to him has been attached, where the writ of attachment is executed in compliance with the statute by seizure of the attached property or some equivalent act: *Bank of Colfax* v. *Richardson, supra; Nielson* v. *Title Guaranty Co.,* 101 Or. 262, 275 (199 Pac. 948); *Pennoyer* v. *Neff,* 95 U. S. 714, 727 (24 L. Ed. 565, 17 A. L. R. 873, see, also, Rose's U. S. Notes); *Herbert* v. *Bicknell,* 233 U. S. 70, 74 (58 L. Ed. 472, 34 Sup. Ct. Rep. 562); *Ownbey* v. *Morgan,* 256 U. S. 94 (65 L. Ed. 837, 41 Sup. Ct. Rep. 433); *Findlay* v. *Lumsden* (Tex. Civ. App.), 171 S. W. 818; *Milburn* v. *Smith,* 11 Tex. Civ. App. 678, 33 S. W. 910; *Redman* v. *Burgess,* 20 Ind. App. 371 (50 N. E. 825); note, 50 L. R. A. 577–588.

In *Pennoyer* v. *Neff, supra,* the court said:

"Substituted service by publication, or in any other authorized form, may be sufficient to inform parties of the object of proceedings taken where property is once brought under the control of the court by seizure or some equivalent act. The law assumes that property is always in the possession of its owner, in person or by agent; and it proceeds upon the theory that its seizure will inform him, not only that it is taken into the custody of the court, but that he must look to any proceedings authorized by law upon such seizure for its condemnation and sale."

Laws of 1899, page 231, amended Section 149, Hill's Code, now Section 300, Or. L., by dispensing with the performance of acts equivalent to seizure, which were theretofore required in attaching real property. Since the amendment mentioned, the attachment of real property is accomplished by the filing and recording of a prescribed certificate made by the sheriff, the purpose of which—

" * * is to afford notice to intending purchasers that real property affected thereby has been subjected to a lien for the payment of such a sum of money as may be recovered in an action therefor." *McDowell* v. *Parry,* 45 Or. 99, 101 (76 Pac. 1081).

6. Under the present procedure for attaching real property, the court acquires jurisdiction and control over the property attached to the same extent as resulted under the former procedure, but the notice to the owner of the property that proceeded from an actual seizure of the property is entirely wanting under the present practice, so that now in an action to recover a sum of money upon an unsecured claim, the nonresident defendant, on publication of summons, does not receive any notice that his property has been attached, unless that information is contained in the published summons.

Without personal service, the power of the court is restricted to a determination of the existence and the amount of the plaintiff's claim and the condemnation and appropriation of the attached property to the satisfaction of that claim. All of the authorities agree that as a condition precedent to the exercise of the authority mentioned, notice and an opportunity to be heard must be accorded the nonresident defendant, which notice must be such as likely will apprise the defendant of the nature of the claim asserted, and

afford him reasonable opportunity to defend against it: *Grannis* v. *Ordean,* 234 U. S. 385, 394 (58 L. Ed. 1363, 34 Sup. Ct. Rep. 779) ; *Baker* v. *Baker, Eccles & Co.,* 242 U. S. 394, 403 (61 L. Ed. 386, 37 Sup. Ct. Rep. 152) ; *Simon* v. *Craft,* 182 U. S. 427, 436 (45 L. Ed. 116, 21 Sup. Ct. Rep. 836) ; *Louisville & Nashville R. Co.* v. *Schmidt,* 177 U. S. 230, 236 (44 L. Ed. 747, 20 Sup. Ct. Rep. 620, see, also, Rose's U. S. Notes).

In *Bellingham Bay Improvement Co.* v. *New Whatcom,* 172 U. S. 314 (43 Ed. 460, 19 Sup. Ct. Rep. 205), the court said:

"If service is made only by publication, that publication must be of such a character as to create a reasonable presumption that the owner, if present and taking ordinary care of his property, will receive the information of what is proposed and when and where he may be heard."

In Waples on Attachment and Garnishment (2 ed.), Section 341, the author states:

"The publication ought to be as full as the unserved writ and summons, at least; it ought to convey to the defendant as much knowledge of what is being done against him and his property as he would have if within the jurisdiction and there served with the writ and summons."

The summons prepared for publication and served in the instant case contained no notice or intimation that property of the defendant had been attached. In attaching the property, no act was performed of a character likely to apprise defendant that his property was about to be taken in judicial proceedings or otherwise. The notice directed to, and served upon, the defendant wholly failed to inform him that his property was in process of being judicially con-

demned and appropriated to the satisfaction of a claim asserted against him. In the light of the foregoing authorities the notice did not meet the requirements of due process of law, and on that account was insufficient upon which to base a valid judgment. Defendant's demurrer should have been overruled.

The decree of the Circuit Court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED. REHEARING DENIED.

HARRIS and BEAN, JJ., dissent from the opinion of the court denying the petition for rehearing.