## BENSON v. BENSON.
### No. A–4134.
District Court of Alaska. Third Division. Anchorage.
Nov. 26, 1947.

416

John E. Manders, of Anchorage, Alaska, for plaintiff.
Davis & Renfrew, of Anchorage, Alaska, for defendant.

DIMOND, District Judge.

On motion to set aside decree of divorce and to permit defendant to file an answer to the plaintiff's complaint and defend the action. Granted.

The plaintiff's complaint in this action was filed on May 15, 1946. Summons was issued thereon and delivered to the United States Marshal for service. Thereafter the marshal filed the summons in Court with his return stating that he was unable to find the defendant within the Territory of Alaska. On May 22, 1946, application was made to the Court for order directing service of summons by publication supported by an affidavit of the plaintiff containing

the statement "that the last known residence of the defendant is Harrington Hotel, Washington, District of Columbia." Order for service of summons by publication was thereupon made, which included a provision to the effect that a copy of the complaint and summons be mailed to the defendant at her last known residence above stated.

Summons was issued and published as prescribed in the order of May 22 and due proof of such publication was filed herein. Also filed was an affidavit stating that on May 22 a duly certified copy of the complaint and summons was deposited in the United States Post Office at Anchorage, Alaska, enclosed in an envelope with the postage prepaid thereon and addressed to the defendant at Harrington Hotel, Washington, District of Columbia.

After lapse of the time prescribed by law, the defendant having failed to appear, default was entered. Trial was had and evidence heard, and findings of fact, conclusions of law and decree were signed and entered on August 6, 1946.

Within one year after the decree was rendered, on July 8, 1947, the plaintiff filed herein a motion to set aside and vacate the decree and allow her to defend. This motion was supported by the plaintiff's affidavit to the effect that she did not receive the copy of complaint and summons mailed to her and that she had no notice of the action at any time before the decree was rendered, and by her proposed answer and cross-complaint in which plaintiff states a valid defense to the action.

No question is raised as to the sufficiency of the proceedings leading to the order of service of summons by publication and so for the purposes of this motion the Court must assume that the order of May 22, 1946, directing service of summons by publication was properly made and that the summons was published and a copy thereof mailed to the defendant at Harrington Hotel, Washington, D. C., as prescribed by said order.

Proof in the form of affidavits now submitted to the Court shows beyond any doubt that the defendant did not actually

receive the copy of complaint and summons mailed to her. The plaintiff upon oath says that she had no other notice of the action until after the decree was rendered. There is no proof before the Court at this time from which an inference might be drawn that the defendant did receive any such notice. And so the conclusion is inescapable that the plaintiff brought the action and secured final decree before the defendant had any actual notice that the suit had been instituted.

Defendant's motion is based upon Sec. 3405, Compiled Laws of Alaska 1933, which reads as follows: "The defendant against whom publication is ordered, or his personal representatives, on application and sufficient cause shown, at any time before judgment shall be allowed to defend the action; and the defendant against whom publication is ordered, or his representatives, may in like manner, upon good cause shown, and upon such terms as may be proper, be allowed to defend after judgment and within one year after the entry of such judgment on such terms as may be just; and if the defense be successful, and the judgment or any part thereof have been collected or otherwise enforced, such restitution may thereupon be compelled as the court shall direct. But the title to property sold upon execution issued. on such judgment to a purchaser in good faith shall not be thereby affected."

This section is identical with Sec. 49 of Carter's Code of Civil Procedure and with Sec. 49, Title II, of the Act of June 6, 1900, 31 Stat. 340. It was taken verbatim by Congress, in adopting a Code of Civil Procedure for Alaska, from Sec. 58, p. 185, of Hill's Annotated Laws of Oregon, and carried forward as Sec. 59 of Lord's Oregon Laws.

The motion is to be permitted to defend the suit. In order to determine the limits of the question to be decided it is well to note that there is here no challenge to jurisdiction. No attack is made upon the sufficiency of the pleading or of the order for publication. The motion waives all

irregularities, if any, which might otherwise be asserted in the service, Mayer v. Mayer, 1895, 27 Or. 133, 39 P. 1002.

█ If it appeared that the defendant received the copy of summons and complaint mailed to her at the Harrington Hotel in Washington, D. C., the motion would necessarily be denied, for in that event there would be no "sufficient cause" to set aside the judgment. And the burden is upon the defendant in such proceeding to show that she did not receive the process and had no knowledge of it until after the judgment was rendered, or in any event too late to appear and defend before rendition of judgment. This she has amply done. She has also adequately shown that she claims to have a good and valid defense to the action and to that end has submitted an answer which she desires to file.

█ The corresponding provision of the Oregon laws, Sec. 59, L.O.L., identical in language with Sec. 3405, C.L. A., quoted, has been considered and construed by the Supreme Court of Oregon, in the case of Felts v. Boyer, 1914, 73 Or. 83, 144 P. 420, 424, and the decision given by that court is to the effect that in circumstances such as are presented in the case at bar the defendant has a statutory right to appear and defend, and to have the judgment entered by default upon service by publication set aside. No decision on the subject has been made in this jurisdiction, so far as shown by the reports. Leaving out of view the high authority of the Supreme Court of Oregon, the cogent and logical reasoning expressed in Justice McNary's opinion in the case of Felts v. Boyer, supra, is unassailable. Nor is the force of that reasoning impaired in the slightest by the opinions from the same Court to be found in Smith v. Smith, 1871, 3 Or. 363, Mayer v. Mayer, supra, and Johnston v. Braymill White Pine Co., 1933, 142 Or. 95, 19 P. 2d 93.

There is quoted below an excerpt from the opinion in Felts v. Boyer [73 Or. 83, 144 P. 423], supra, bearing directly upon the question involved: "Section 59 [L.O.L.] states that the defendant 'against whom publication is or-

dered' shall be allowed to defend upon good cause shown. The construction, we believe, that is best adapted to advance the ends of justice, is that section 59 supplies the defendant, who comes within its terms by showing that he has a good defense and had no actual notice of the pendency of the suit or action, an opportunity to defend *as a matter of statutory right and not of judicial discretion.*" (Emphasis supplied.)

Accordingly the motion to set aside the decree heretofore rendered in this action is granted and the defendant may file her answer and in due course trial may be had upon the merits.